(77 N. W. Rep. 599.)

---

First Methodist Episcopal Church *vs.* John O. Fadden.

Opinion filed November 26, 1898.

**Amended Pleading Supercedes the Older One.**

> It is the province of the .Court to declare upon what pleadings a case must be tried. Counsel cannot control the matter.

**Statutes Changing Rule of Evidence.**

> When a statute changing a rule of evidence has gone into effect, cases thereafter tried must be governed thereby, unless there be a limitation in the statute, although the pleadings were filed before the law went into effect.

**Prima Facie Evidence—Recorded Instrument.**

> Where a statute expressly makes the record of an instrument prima facie evidence of the facts therein stated, such record, when offered in evidence, is not vulnerable to· the objection that it is secondary.

**Affidavit of Mortgage Foreclosure Sale by Deputy Sheriff.**

> It is necessary to a valid affidavit of foreclosure sale, as required by our statute, that it show on its face that the sale was made by some person authorized by law to· make such sale; and, when the party making the sale states in his affidavit that he is a deputy sheriff, the statute makes the affidavit prima facie evidence of that fact, and' no other proof of his official capacity is required until such prima facie case is overcome.

**Purchaser of Real Estate Subject to Mortgage—Rights of**

> A grantee of real estate who takes the same subject to a mortgage thereon is not required, upon foreclosure of said mortgage, to pay the attorney's fee specified in the mortgage, when the same exceeds that allowed by law.

**Sale for More Than Mortgage Debt—Surplus to Mortgagor.**

> An officer who sold mortgaged property for an amount in excess of what was due under the terms of the mortgage cannot excuse himself for not paying such excess to the mortgagor on demand, by showing that the excess went into the hands of the mortgagee.

Motion for Directed Verdict—Courts Finding on Facts.

> When, at the close of the testimony, each party moved for a directed verdict in his favor, and, the motion of one being overruled, he did not ask that any question of fact be submitted to the jury, such party must be regarded as having submitted all controverted questions of fact to the Court for determination, and the decision of the Court thereon will not be disturbed if it have support in the testimony.

Appeal from District Court, Grand Forks County; *Fisk,* J.

Action by the First Methodist Episcopal Church of Grand Forks against John O. Fadden. E. H. Rollins & Son intervened. From a judgment for plaintiff, defendant appeals.

Affirmed.

*Burke Corbett,* for appellant.

*Bosard & Bosard,* for respondent.

BARTHOLOMEW, C. J. This action originated in Justice Court, was appealed to the District Court, and a trial there resulted in a directed verdict for plaintiff. A motion for a new trial was denied, and defendant appeals from the order. The defendant, as sheriff of Grand Forks county, acting through a deputy, sold the church property belonging to the plaintiff, under a statutory foreclosure of a mortgage upon such property executed by plaintiff's grantor. The property sold for the full amount claimed in the notice of sale, being the amount due upon the note secured by the mortgage and an attorney's fee of $100, together with the costs of sale. The property was purchased by the mortgagee. The statute then in force (chapter 16, Laws 1889) declared that for foreclosing a mortgage upon real estate, where the same was done by a resident attorney, there should be allowed an attorney's fee of "ten dollars, and no more." Plaintiff, claiming that the property sold for $90 more than was due thereon, demanded such sum from defendant, and, upon his failure to pay the same, brought this action. The answer was in denial, and especially denied plaintiff's corporate capacity. It admitted the demand, and set up full satisfaction and settlement of the claim by the mortgagee. The answer was not verified. At the trial in Justice Court, plaintiff offered no evidence of its corporate capacity. The answer was filed December 28, 1895. The case was not tried until after January 1st, 1896, the date at which the Revised Codes went into effect. Under the statute in force prior to that time (section 2908, Comp. Laws), a corporation plaintiff was required to prove its corporate capacity where it was specifically denied by the answer. Under section 5754, Rev. Codes, no proof of corporate existence was required, unless such existence was denied under oath. The justice ruled that, insomuch as the answer was filed before the new law went into effect, its provisions could not control at the trial, and dismissed the case for want of proof of corporate existence. After plaintiff appealed to the District Court, the mortgagee, a corporation, was permitted to inter-

vene; but neither the petition in intervention nor any other pleading on its part appears in the abstract. Subsequently, plaintiff served and filed an amended complaint in the action. No new issues were pleaded, but the facts were stated more fully and in detail. To this amended complaint defendant answered, setting forth the same defenses, in substance, as in his original answer. Neither of these pleadings were verified. On the opening of the trial in the District Court, plaintiff's counsel stated that he would go to trial on the original and amended pleadings, and read the same to the jury. Subsequently the Court ruled that the case must be tried on the amended pleadings. This was the first ground urged for a new trial. It is not tenable. It was for the Court to say upon what issues the case stood for trial. It was not the province of counsel to determine that matter. It is elementary that where a pleading is filed which purports to be, and is in fact, an amended pleading, and not an amendment to a pleading the old pleading, as such is superseded. A party cannot have two distinct and complete complaints in the same case at the same time. Defendant doubtless desired to have the case tried upon the pleadings as made in Justice Court, hoping thereby to force plaintiff to prove its corporate existence. But, even under those pleadings, no such result could have followed. The provision in the Revised Codes simply related to a matter of proof, to a rule of evidence, and applied in pending cases, as well as cases to be commenced. *Conrad* v. *Smith*, 6 N. D. 337, 70 N. W. Rep. 815.

The second point urged relates to rulings upon evidence. Plaintiff, over defendant's objections, introduced in evidence the record of the foreclosure. We need not dwell on this feature of the case. The statutes then in force specifically make the record that was offered—to-wit, the record of the duplicate certificate of sale made by the person who conducted the same, the affidavit of publication of notice of sale, and the affidavit of sale made pursuant to such notice— prima facie evidence of the facts therein contained. These records show the amount that was claimed to be due upon the mortgage. They show the fact of sale, and show the amount for which the property was sold, and show the items that were included in such amount. The sale was made for the amount claimed in the notice of sale, with interest to the date of sale, and an attorney's fee of $100, and the proper costs. It is urged that this does not show that the propery was sold for more than was legally collectible under the mortgage. We think it makes a prima facie case, and the defendant did not attempt to dispute it. But the record shows that the sale was made by the defendant as sheriff, by one George A. Bangs as deputy. It is urged that the record is incompetent to bind defendant until it is shown that George A. Bangs was deputy sheriff. Under the statute, the affidavit of sale must be made by the party who made the sale; and that, under section 5416, Comp. Laws, must be either the person appointed by the mortgage to make the sale, or the sheriff of the county, or his deputy. It is patent that an affidavit of sale that did not show on its face that the sale was made by some

party having authority to make it would be worthless. Such an allegation is a necessary and material fact to be stated therein; and the affidavit is declared by statute to be prima facie evidence of the facts therein stated. In this case the affidavit is made by George A. Bangs, and he swears that he is the person who made the sale, and that he is the deputy sheriff of Grand Forks county. It is therefore established prima facie that George A. Bangs was deputy sheriff at the time he made the sale.

It is urged that as plaintiff in this case is the grantee of the original mortgagee, and took subject to the mortgage, it cannot take advantage of the attorney's fee, but must pay the same as stipulated in the mortgage. Defendant claims that where a subsequent grantee assumes and promises to pay an existing mortgage, and the amount is treated as a part of the purchase price, that such grantee cannot, when called upon to pay the mortgage, set up as a defense that the mortgage transaction was usurious as between the original mortgagor and mortgagee. We need not stop to discuss the legal principles upon which this ruling has been made. They will occurr to every lawyer. Those principles cannot apply here for two reasons: This plaintiff did not expressly assume or promise to pay the mortgage. There is nothing to indicate that the amount was treated as a part of the purchase price. The covenant against incumbrances in plaintiff's deed excepts this mortgage, but that is the only reference to it. Another conclusive answer to this contention is the fact that when this mortgage was given, and when the property was transferred to plaintiff, and when the mortgage was foreclosed, the statute in force in express terms limited the attorney's fee that could be collected under a foreclosure by advertisement to $10. If we grant that plaintiff expressly assumed the mortgage, it agreed to pay just the sum which, on the face of the mortgage, the law required it to pay in order to satisfy the mortgage. That amount all parties to the transaction were obliged to know, and nothing further can be claimed.

It is urged that this defendant is not liable in this action, because the evidence shows that this attorney's fee was received by the mortgagee, and that the same never came to the hands of the defendant. This will not excuse the defendant. The party who makes the sale is, in law, conclusively presumed to have received the amount for which he reports that he sold the property; and in *Johnson* v. *Day*, 2 N. D. 295, 50 N. W. 701, this Court said: "Nor would a mistake of the officer in ascertaining such amount in any manner bind the mortgagor or relieve the officer from liability to him for any surplus beyond the actual amount going to the mortgagee; and, if such excess had been paid to the mortgagee, then both the officer making the sale and the mortgagee receiving the money would be liable to the mortgagor for the amount of such excess upon demand made." That case settles defendant's liability.

The last defense urged is that the evidence shows that this claim was adjusted and settled between plaintiff and the mortgagee. We

need not enter into the details of the transaction which it is claimed included this settlement, further than to say that, as a result of certain correspondence, the general Western agent of the mortgagee agreed to accept 8 per cent. interest during the year of redemption, instead of the 12 per cent. allowed by the statute. But we are not in full sympathy with the extravagant claims of charity made by counsel for defendant. The practical condition was such that the mortgagee must accept 8 per cent. on its investment, or have the church property left on its hands. When this alternative was presented to an Eastern money-loaning corporation, we think it required no heavy draft on its charity to induce it to accept the 8 per cent. But, during the correspondence that led to this result, mention was made of this excessive attorney's fee; and if the question whether or not such fee was included in the adjustment had been regularly submitted to the jury, and the jury had found that it was so included, it may be that a Court could not have disturbed such finding. But in this case, at the close of the testimony, each party moved for a directed verdict in his favor. The motion of defendant being overruled, he requested no question of fact to be submitted to the jury. In this state of the record, it is well settled that the defendant must be regarded as having submitted all controverted questions of fact to the Court for decision. This rule was applied by this Court in *Stanford* v. *McGill,* 6 N. D. 536, 72 N. W. Rep. 938, and the authorities are fully cited on page 572, 6 N. D., and page 952, 72 N. W. Rep. We again applied the rule in *New England Mortg. Sec. Co.* v. *Great Western Elevator Co.,* 6 N. D. 407, 71 N. W. 130. The rule must control here, and there is evidence in the case strongly tending to show that the excess of attorney's fee was not included in the adjustment made. The trial court must have found that it was not so included. We find no error in denying the motion for a new trial, and the order is affirmed. All concur.