Laura Rogers *vs.* The Hebe Company.

MAY 20, 1932.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Rathbun, J. This is an action of trespass on the case for negligence to recover for personal injuries sustained by the plaintiff while riding in the defendant's motor truck as an invitee of the operator, the defendant's agent and servant, whose negligence, it is alleged, caused the injuries. The case is before us on the plaintiff's exception to a ruling of the Superior Court sustaining a demurrer to the second amended declaration.

The declaration contains allegations as follows: that the defendant was the owner of a certain motor truck which defendant had delivered to one Fred Sweet "for use by the said Fred Sweet in and about the business of the said defendant corporation and for use by and with the consent of the said defendant corporation in and about the business of the said Fred Sweet. And plaintiff avers that on the day and date aforesaid she was a passenger by invitation of the said Fred Sweet, defendant's servant or agent, in the said motor vehicle owned by the defendant as aforesaid, which was then and there being operated by the said defendant's servant or agent with the consent of the said defendant," that said agent and servant, disregarding his duty, so negligently operated said automobile that it collided with a tree and that by reason thereof the plaintiff was injured.

The Superior Court in sustaining the demurrer ruled that, there being no allegation either that the plaintiff was a passenger by invitation of the defendant or that Sweet had authority from the defendant to invite her to become a passenger, it did not appear that defendant had violated any duty which he owed to the plaintiff.

The plaintiff argues that liability exists by reason of the provisions of Sec. 10, Chap. 1429, P. L. 1929. The material portion of said section is as follows: "Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state with the consent of the owner, or lessee, or bailee, thereof, expressed or implied, the operator thereof, if other than such owner, or lessee, or bailee, shall in case of accident, be deemed to be the agent of the owner or lessee, or bailee."

We are unable to discover that the statute has any relevancy to the facts as stated. The language of the declaration is by no means clear. It does not appear what Sweet's business was. It does not appear whether at the time of the accident he was using the truck in his own or the defendant's business, and it is not clear that Sweet was not a bailee. The statute does not make a bailee the agent of the owner. However, the declaration does allege that the truck was being operated by the defendant's agent and servant. For the purposes of the demurrer this allegation is admitted to be true, and the question is: what duty did the defendant owe to a person riding in its motor vehicle without the defendant's knowledge or consent and without the consent of any person having authority from the defendant to invite her to ride?

The case should be distinguished from those in which the plaintiff was injured while traveling on foot or in another vehicle upon a public highway. In *Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388 it was held that the owner was not liable for injuries to one invited, without the consent of the owner, to ride by the person to whom the owner loaned the automobile. The New York statute made a more drastic

change in the common law than did our present statute and is more similar to Chapter 1040, P. L. 1927, which said statute superseded. The New York statute was as follows: "Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, expressed or implied, of such owner." The court said: "Prior to the enactment of this section, the law was that an owner was not liable for the negligence of a person to whom he had loaned his car, whether that person were a member of his family, a servant on a personal errand, or a stranger. . . . It (the legislature) placed the borrower of a car in the same position toward the lender as that of master and servant, principal and agent, but it did not increase the liability of the lender beyond that of the master for those acts of his servant coming within the scope of his employment. The legislature may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied." In *Landry* v. *Richmond*, 45 R. I. 504, this court held that an owner is not liable at common law for the negligence of a person to whom the automobile is loaned.

The plaintiff was not riding as an invitee of the defendant. Even if Sweet was the defendant's agent to drive, it does not appear that he was acting within the scope of his employment when he invited the plaintiff to ride. It has been frequently held that a person while riding in response to such an invitation is a trespasser, and that for the mere negligence of the operator the owner is not liable to a person riding without the owner's express or implied consent. *Zavodnick* v. *Rose,* 146 A. (Pa.) 455; *Hughes* v. *Murdoch Storage & Trans. Co.,* 112 A. (Pa.) 111; *Walker* v. *Fuller,* 112 N. E. (Mass.) 230; *Murphy* v. *Barry,* 163 N. E. (Mass.) 159; *Wing* v. *Martin,* 141 A. (Vt.) 602; *Rolfe* v. *Hewitt,* 125 N. E. (N. Y.) 804.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*Fergus J. McOsker, Francis D. McManus, John C. McOsker,* for plaintiff.

*Ralph T. Barnefield,* for defendant.