ERNEST FORD *vs*. MILLARD G. DORCUS.
EMILY FORD *vs*. SAME.

OCTOBER 27, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. These cases are brought to recover damages for injuries caused by the negligent operation of defendant's automobile. At the close of the testimony the trial justice directed the jury to return a verdict for the defendant in each case. The cases are before this court on plaintiffs' exceptions to this ruling.

At a former trial of the cases the jury returned a verdict for each plaintiff. This court sustained the decision of the

trial justice granting defendant's motion for a new trial on the ground that the verdicts were against the weight of the evidence. 162 Atl. 898.

September 28, 1930, defendant's automobile was so negligently operated as to collide with an automobile in which plaintiffs were riding. Plaintiffs allege that defendant's automobile was being operated by his servant and agent. No proof was offered to support this allegation. Defendant testified that his automobile was operated without his knowledge and consent by a Miss Thompson. His testimony was corroborated by that of Miss Thompson. This testimony was contradicted by testimony produced by plaintiffs to the effect that immediately after the accident defendant said he had given Miss Thompson permission to use his automobile.

Plaintiffs claim Miss Thompson was defendant's bailee. They contend he is made liable for the negligence of his bailee by Section 10, Chapter 1429, P. L. 1929, which provides that: "Whenever any motor vehicle shall be . . . operated . . . upon any public highway of this state with the consent of the owner, or lessee, or bailee, thereof, expressed or implied, the operator thereof, if other than such owner, or lessee, or bailee, shall, in case of accident, be deemed to be the agent of the owner or lessee, or bailee, of such motor vehicle."

At the former trial plaintiffs relied upon the provisions of Section 3, Chapter 1040, P. L. 1927, to establish defendant's liability. This court held that plaintiffs were not entitled to any advantage from this section as it had been repealed before plaintiffs were injured. When construing this section in *Guerin* v. *Mongeon*, 49 R. I. 414 (1928) the court said: "The evident purpose of this new statute is to safeguard the public from the negligent operation of any motor vehicle and to make the owner liable for injury caused thereby if the operation is with his consent. The effect of the act is to extend the common law liability of one who consents to the

use by another of a motor vehicle which he owns or legally possesses."

The statute as thus construed by the court evidently imposed a greater liability upon an owner of a motor vehicle than was intended by the legislature for, at its next session, it repealed said section 3 and enacted section 10 above quoted. This new section differed materially from the section which it superseded and it must be presumed that the legislature thereby intended to establish a rule different from that previously announced by the court. *Guerin* v. *Mongeon, supra.*

The language of Section 10 is plain and unambiguous and leaves no room for construction. *Carpenter* v. *R. I. Co.*, 36 R. I. 395. 59 C. J. 953. The legislature changed the statute so as not to impose upon the owner of a motor vehicle liability for its negligent operation by his bailee. The statute does not say expressly or by implication that, in case of accident, the bailee of a motor vehicle shall be deemed to be the agent of its owner. This conclusion is in accord with the statement in *Rogers* v. *The Hebe Co.*, 52 R. I. 274, when the court said: "The statute does not make the bailee the agent of the owner." The statute has no application to the facts proved by plaintiffs.

As the plaintiffs failed to prove that the motor vehicle was operated by defendant's agent and the statute does not provide that the bailee of such vehicle shall be deemed to be the agent of the owner, it follows that the trial justice correctly directed verdicts for the defendant.

Plaintiffs' exceptions are overruled and each case is remitted to the Superior Court with direction to enter judgment on the verdict.

*James E. Brothers, Peter L. Cannon, Sidney L. Rabinowitz,* for plaintiff.

*Ralph T. Barnefield,* for defendant.