ANNA HARTLEY, p. a. *vs.* HERBERT E. JOHNSON.
ROBERT HARTLEY *vs.* SAME.

DECEMBER 4, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. These are actions of trespass on the case for negligence. The first is an action by a minor child to recover for injuries sustained by being struck by defendant's bakery truck. The second is an action by the child's father to recover the expenses incurred for medical treatment for said injuries. The jury returned a verdict for the plaintiff in each action and assessed damages in the amount of $2,500 for the child and $653 for the father. The cases are here on defendant's exceptions as follows: To the refusal of the trial justice to direct a verdict for the defendant and to the refusal of said justice to grant the defendant a new trial.

The defendant, who operates a bakery, supplies motor vehicles for the use of his employees in the distribution of his products. At the time of the accident one of defendant's trucks was being operated by one Kenneth Pearson who at no time entered the employment of the defendant. The father of Kenneth was employed by defendant under a written agreement which provided that he be paid a commission of 15% on all goods sold. The defendant knew that Kenneth was working on the truck with and assisting his father; and there is some evidence that defendant knew that the son had at times operated the truck when his father was with him.

It does not appear that the father and son understood that the latter was authorized to drive when the father was

not on the truck. On one occasion when the father was ill special permission was sought and obtained for the son to drive the truck for a single day. There is no evidence that the son, in the absence of his father, had authority from the defendant to drive the truck on the day of the accident.

The question of agency is controlled by the common law and not by Section 10, Chapter 1429, P. L. 1929, which was amended after the accident—April 26, 1933—and before the trial which was held June 6th and 7th, 1934. "Statutes which simply declare a rule of evidence, without creating new rights nor taking away vested ones, are not within the rule against retrospective operation." 25 R. C. L. 791. Said section 10 provided that, whenever any motor vehicle shall be operated upon any public highway of this State with the consent of the owner, lessee or bailee, the operator "shall, in case of accident, be deemed to be the agent of the owner or lessee, or bailee, of such motor vehicle unless such operator shall have furnished evidence of financial responsibility."

Section 10 as amended (P. L. 1933, Chap. 2046) now provides that "evidence that at the time of such accident or collision it (the motor vehicle) was registered in the name of the defendant as owner shall be *prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was wholly responsible, and absence of such responsibility shall be an affirmative defense to be set up in the answer and proved by the defendant."

A *prima facie* case made by proof that the motor vehicle was registered in the name of the defendant as owner is a mere presumption and has force only until rebutted. *Smith* v. *Tompkins*, 52 R. I. 434; *Normandin* v. *Parenteau*, 150 Atl. 460 (R. I.). In *Haining* v. *Turner Centre System*, 50 R. I. 482, this court said: "Whether an act is within such scope is often difficult to ascertain. Such question is ordinarily one for a jury, *De Nezzo* v. *General Baking Co.*, 138 Atl. (Conn.) 127, cf. *Russell* v. *Cavaca*, 137 Atl. 778 (R. I.), but

its submission is not warranted unless agency *prima facie* presumed stands undisputed, or plaintiff offers evidence that the servant acted within the scope of his employment or facts upon which to base a reasonable ground for inference thereof. In the absence of such presumption, evidence, or basis of fact for inference, a verdict must be directed for defendant. *Callahan* v. *Weybosset Pure Food Mkt.*, 47 R. I. 361."

The *"prima facie* evidence" was overcome by positive, uncontradicted evidence that Kenneth was his father's helper on the truck and not an employee, agent or servant of the defendant. The special finding that Kenneth Pearson "was operating the truck at the time with "the knowledge and consent of the defendant" is not supported by the evidence. There is nothing in the case to show that Kenneth was authorized to operate the truck in his father's absence.

At common law the owner of a motor vehicle is not responsible for damage caused by such vehicle merely because it was being operated at the time with the owner's knowledge and consent. Furthermore, the evidence strongly indicates that at the time of the accident the truck was being operated off the route authorized to be operated for the sale of defendant's goods. Kenneth had departed from such route for the purpose of taking a friend to his home to enable him to change his clothes, and it does not appear that at the time of the accident the truck had been returned to said route.

When a servant abandons his master's business and, for his own pleasure or convenience departs from the route which it is his duty to follow, the master is not responsible at common law for the negligent acts of the servant during the time of his departure from said route. *Northup* v. *Robinson*, 33 R. I. 496; *Colwell* v. *Aetna Bottle & Stopper Co.*, 33 R. I. 531; *Guerin* v. *Mongeon*, 49 R. I. 414.

The exception to the refusal to direct a verdict for the defendant in each case is sustained. The plaintiffs may

appear, if they shall see fit, on December 12, 1934, and show cause, if any they have, why the cases should not be remitted to the Superior Court with direction to enter judgment for the defendant in each case.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for plaintiff. *Henry M. Boss, Jr., Francis W. Conlan,* for defendant.