Sylvia Blyer, an Infant, by Her Guardian ad Litem, Isaac Blyer, and Another, Plaintiffs, *v.* Jacob Hershman, Defendant.

City Court of New York, New York County, July 3, 1935.

*Joseph N. Klapper* [*Aaron J. Balleu* of counsel], for the plaintiffs.

*David D. Miller* [*Arthur H. Williams* of counsel], for defendant.

Wendel, J.   The action was one brought to recover damages for personal injuries suffered by the infant plaintiff by reason of the fall upon her of a spring which it is alleged was negligently, carelessly and recklessly maintained in the hallway of the premises owned and operated by the defendant.   In its charge to the jury the trial court in substance instructed them that if the infant was *non sui juris*, the negligence, if any, of the parent or custodian of that child in permitting it to roam the hallways of that building under the circumstances and at the time untrammeled would, if found to be negligence at all, be imputable to the child and would bar a recovery by that child.   To this portion of the charge an exception was taken and a specific request made for modification of this

charge to the effect that negligence, if any, on the part of the parent or custodian of the child might not be imputed to the infant by the jury. The latter request was refused.

The accident out of which this cause arose took place on July 1, 1932. The trial of the action was had on the 27th day of June, 1935. Between those two respective dates an enactment of the New York State Legislature (Laws of 1935, chap. 796) had gone into effect which amended and changed in one essential respect at least the law applicable to one phase of this case.

" Section 1. Article five of chapter fourteen of the consolidated laws, known as domestic relations law, is hereby amended by the addition of the following section:

" § 73. Negligence of parent or other custodian is not imputed to infant. In an action brought by an infant to recover damages for personal injury the contributory negligence of the infant's parent or other custodian shall not be imputed to the infant.

" § 2. This act shall take effect immediately."

This act took effect on the 8th day of May, 1935. It becomes readily apparent then that if this statutory enactment was retroactive in character and found applicable to the case at bar, then the charge of the trial court on the subject of the imputed negligence of the parent or custodian of the child was indeed erroneous. On the other hand, if this statute was prospective in operation only and not retroactive at all, then the mere fact of its present existence on the statute books of this State could not and did not affect the rights of either of the parties, which were fixed by the events of July 1, 1932. The decision of this motion must necessarily depend on a solution of that question.

It has long been the established rule of law, a rule so well established that even the plaintiffs concede it, that statutes are presumed to be prospective in operation in the absence of words evidencing a contrary intention. It would. seem from the cursory perusal of the present statute that the Legislature intended the statute quoted above to be only operative *in futuro* because section 2 of the statute quoted says: " This act shall take effect immediately." Implicit in that sense is the connotation that the act becomes operative from the time of its effectiveness henceforth, not before.

But there is still another obstacle to the plaintiff's contention and that an insuperable one. Where a statute pertains and relates to procedural or adjective law, such as the burden of proof, rules of evidence, etc., the statute is held to be operative if the trial of the action is held at a time subsequent to the enactment of the statute, even though the events and premises upon which the action is based antedated such enactment. (*Feizi* v. *Second Russian Ins. Co.*, 199

App. Div. 775; *Laird* v. *Carton*, 196 N. Y. 169; *Sackheim* v. *Pigueron*, 215 id. 62.) The reason for that exception to the general proposition outlined above is readily perceptible. So long as the contents of the statute relate only to the remedy, to the procedure, to the form, then its postulates become operative only when and if such remedy, form or procedure is invoked, that is, at the trial. And if the trial postdates the enactment of the statute, even though the events upon which the action is based antedate such an action, the operation of the statute is in effect *in futuro* just as all other statutes. Thus, in truth, this exception is no exception at all. It is an application of the general rule to a varied state of facts.

If this newly enacted section of the Domestic Relations Law is procedural, and since the trial of the action postdated the enactment of that section, then it was the law applicable to the trial of the facts, even though those events took place in 1932. The position of the plaintiffs on this motion is that this statute is in effect a procedural amendment. In that position the plaintiffs are at odds with the Court of Appeals. (*Fitzpatrick* v. *International Railway Co.*, 252 N. Y. 127.) That case involved a statute of the Province of Ontario, Canada, which in effect decreed that contributory negligence on the part of a plaintiff in an action brought to recover damages for personal injuries should be not a complete bar but only a partial bar. When the plaintiff was injured he brought suit against the defendant for his injuries, and the jury found that he had been guilty of ten per cent of the totality of negligence productive of the accident. The position of the plaintiff on an appeal from a judgment for the plaintiff was similar to that adopted by the present plaintiffs.

" On this appeal the appellant insists that this charge, in reference to the burden of proof, is wrong, for the reason that the law of the State of New York should govern and not that of the Province of Ontario; it claims that the burden of proof of freedom from contributory negligence, in a common-law action such as this, rests upon the plaintiff in New York State and that as the rule regarding the burden of proof is but a rule of procedure and not a matter affecting a substantial right, the law of the forum and not the law of the place of occasion should govern. In this the appellant is wrong according to reason and authority.

" While it is true that in this State we speak of the proof of freedom from contributory negligence as being a burden of proof resting upon the plaintiff, it is, in reality, even here, more than a mere burden of proof, it is a substantive part of the plaintiff's right to recover. At common law a person has no cause of action for negligence, if he himself has contributed, in the slightest degree, to bring it about.

A defendant's negligence is not sufficient to justify a recovery. Two elements are necessary, the defendant's negligence being one, the plaintiff's freedom from contributory negligence the other. The right to recover depends upon the plaintiff establishing both these elements, the defendant's negligence and also his own freedom from contributing negligence."

By that statement the Court of Appeals has enacted what has always been the law, that the element of contributory negligence, or at least the plaintiff's freedom from it, is an integral part of the substantive law in any case involving that as an issue.

Now, the statute to which reference is made (Laws of 1935, chap. 796) relates, not to the method of proving or disproving the presence or absence of such contributory negligence on the part of the plaintiff's parents, but in effect it is held that whether proven or not it is no bar to recovery. What that statute has done is to amend the common law by removing in one class of cases such as this, an essential element necessary to the substantive proof on the part of the plaintiff. Such a statute is far from being remedial. It relieves the plaintiff of the necessity of establishing what was formerly a *sine qua non* of his substantive proof.

The case of *Sackheim* v. *Pigueron* (*supra*), upon which reliance is placed by the plaintiffs, is not inconsistent with the position outlined by the court. There the particular statute (section 841-b of the Code of Civil Procedure) read as follows: " Trial and burden of proof of contributory negligence. On the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant." That section had been enacted subsequent to the happening of the accident involved but before the trial of the action. It is plain to be seen that that section envisaged not any substantive change but a change in the mode of proof. The plaintiff was by no means relieved of the obligation of proving as a part of his entire case his freedom from contributory negligence. As a matter of fact, if that were established by the defense the plaintiff's case would entirely fall. All that that statute did was to shift the burden from the plaintiff to the defendant as to who should go forward with the evidence on that point. Clearly that was a remedial statute, not a substantive one.

While the sympathy of the court is extended to all persons in general who are injured, but particularly to infants who have suffered that misfortune, the hands of the court are tied by the jury's verdict in this case. The motion is based on an alleged error in the court's charge. Under this analysis that assignment of error is empty. Motion for reargument denied.