MARIE L. EMOND *vs.* FRANCIS X. FALLON.

JULY 9, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

420

Moss, J. This is an action to recover for personal injuries which were received by the plaintiff on November 21, 1931, while riding in an automobile belonging to the defendant and operated by his son, and which were alleged to have been caused by the son's negligent operation. In the accident that resulted he was killed. At the trial in the superior court, the trial justice, on the motion of the defendant at the conclusion of the testimony for the plaintiff, directed a verdict for the defendant. This he did on the ground that the case was governed by public laws 1929, chapter 1429, sec. 10; that under that section the owner of a motor vehicle was not responsible for the negligence of his bailee in its operation; that according to the evidence the son was the defendant's bailee of the automobile at the time of the accident; and that therefore the defendant was not liable to the plaintiff. The case is now before us on the plaintiff's exception to this ruling.

The defendant admits that there was some evidence from which the jury might have found the following facts: that at the time of the accident his son was negligent in the operation of the automobile; that the plaintiff was free from contributory negligence; that the plaintiff suffered injuries as the result of the son's negligence; and that the

son was operating the automobile with the defendant's express or implied consent. There was testimony that the plaintiff was the fiancee of the son and was riding in the automobile on his invitation, returning to the city of Providence, in which she and the defendant and his son lived, from a journey which she and the son had made, a few hours before, to the home of her father and mother a short distance from Providence.

There was no evidence that at the time of the accident the son was the common law agent of the defendant, but the plaintiff contends that he must be deemed to have been the defendant's agent under the above statute. The defendant, on the contrary, contends that his son was not his statutory agent, but his bailee, for whose negligence he was not responsible under the statute; and moreover that there was no evidence that his son had authority from him to take the plaintiff riding in the defendant's car.

The pertinent part of the section in question is as follows: "Sec. 10 Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state with the consent of the owner, or lessee, or bailee, thereof, expressed or implied, the operator thereof, if other than such owner, or lessee, or bailee, shall in case of accident, be deemed to be the agent of the owner or lessee, or bailee, of such motor vehicle." In support of his first contention the defendant relies almost entirely, if not entirely, upon the opinion of this court in *Ford* v. *Dorcus*, 54 R. I. 1, 168 A. 814, decided under this same section. It is true that this court there decided, in accordance with an earlier statement made in its opinion in *Rogers* v. *The Hebe Company*, 52 R. I. 274, 160 A. 470, that this section does not "impose upon the owner of a motor vehicle liability for its negligent operation by his bailee." With this finding we fully agree, but the opinion in the *Rogers* case does not further support the defendant's contention in the instant case, nor, in our judgment, does the later opinion, in the *Ford* case, when carefully read.

In *Ford* v. *Dorcus, supra,* the plaintiffs were two persons who were riding in another car and were injured in a collision with a car belonging to the defendant, but operated by a Miss Thompson. There was conflicting testimony as to whether or not he had given her permission to use it. At an earlier trial on similar testimony the jury had returned verdicts for the plaintiffs, but these had been set aside by the trial justice on the ground that they were against the weight of the evidence on this question of the defendant's permission. His decision was sustained by this court in *Ford* v. *Dorcus,* 162 A. (R. I.) 898.

At the second trial, verdicts for the defendant were directed by the trial justice and were sustained by this court in its later opinion, above referred to. There the court said: "Plaintiffs allege that defendant's automobile was being operated by his servant and agent. No proof was offered to support this allegation." The court then stated that both the defendant and Miss Thompson gave testimony that his automobile was operated without his knowledge and consent, which testimony was contradicted by testimony that immediately after the accident he had said that he had given her permission to use the automobile. The court then dropped the issue of agency without mentioning the statute as having any bearing on that issue, thus giving rise to the natural inference that it treated the plaintiffs' allegation that defendant's automobile was being operated by his servant and agent as meaning only that it was being operated by his common law servant and agent.

The court then immediately proceeded as follows: "Plaintiffs claim Miss Thompson was defendant's bailee. They contend that he is made liable for the negligence of his bailee by section 10, chapter 1429, P. L. 1929." It then quoted the material parts of that section, stated briefly the proceedings at the former trial and the opinion thereon, discussed the section in the light of a previous section enacted in 1927 on the same subject, and concluded that

the legislature had changed the statute in 1929 "so as not to impose upon the owner of a motor vehicle liability for its negligent operation by his bailee." Its final conclusion was as follows: "As the plaintiffs failed to prove that the motor vehicle was operated by defendant's agent and the statute does not provide that the bailee of such vehicle shall be deemed to be the agent of the owner, it follows that the trial justice correctly directed verdicts for the defendant." The defendant in the instant case contends that this conclusion was based on a finding that the evidence proved that the operator of the vehicle was its owner's bailee. But no such finding was stated in the opinion, and it seems to us that the reasoning on this phase of the case was: (1) that the plaintiffs had rested their cases solely on their *claim*, which *was* stated in the opinion, that the operator was such bailee; (2) that, if she *was* such bailee, the statute did not make an owner liable for the negligence of his bailee; and (3) that therefore the plaintiffs could not recover.

It is true that between the court's conclusion that the statute had been changed in 1929 "so as not to impose upon the owner of a motor vehicle liability for its negligent operation by his bailee" and its final conclusion, above quoted, it said: "The statute has no application to the facts proved by plaintiffs." That language does indeed throw some doubt upon just what the court did mean to decide. But it must be construed in view of the other statements in the opinion and the entire absence therein of any discussion of what constitutes a bailment or of any part of that statute except as affecting the liability of owners for the conduct of their bailees, and in view of the previous decisions for plaintiffs under the statute of 1927 which were based, not on a relation of bailor and bailee, but on the owner's mere consent, and in view also of the absence of any substantial change made by the later statute, except as stated *infra*. When that language is so construed, we cannot believe that this court meant thereby to decide

that the later statute did not impose upon the owner of a motor vehicle liability for its negligent operation by a person to whom he had merely given permission to operate it, without making any express or implied agreement with such person, or that it meant to decide that in the case then before it the operator of the vehicle was shown by the evidence to be the bailee of the defendant.

The statute of 1927, chap. 1040, sec. 3, above referred to, read as follows: "Whenever any motor vehicle shall be used or operated upon any public highway of this state with the consent of the owner or lessee or bailee thereof, express or implied, *or under any agreement with such owner or lessee or bailee, express or implied*, the operator thereof, if other than such owner, shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the agent of such lessee and of such bailee . . ." By reason of the words which we have above emphasized there was good reason for holding that that statute imposed upon the owner of a motor vehicle responsibility for the negligent operation of it by his bailee; and the only noteworthy pertinent change made by the statute of 1929 was the omission of these words.

Therefore the fact that this court in *Ford* v. *Dorcus*, 54 R. I. 1, 168 A. 814, *supra*, said that the legislature changed the statute in 1929 so as not to impose upon the owner of a motor vehicle liability for its negligent operation by his bailee indicates clearly that it was of the opinion that a bailee of a motor vehicle must be in possession of it under an agreement, express or implied, with its owner or lessee or bailee, and that one who is in possession of it with the consent of such owner, lessee or bailee, but without any agreement, is not a bailee.

This accords with the standard definitions of a bailment. "Without professing to enter into a minute criticism, it may be said that a bailment is a delivery of a thing in trust for some special object or purpose, and upon a contract, express or implied, to conform to the object or purpose of

the trust." Story on Bailments, (9th ed.) 5. *New York L. E. & W. R. R. Co.* v. *New Jersey Elec. Ry. Co.*, 60 N. J. L. 338, 344, 38 A. 828, 830, affirmed 61 N. J. L. 287, 41 A. 1116. The definition in 3 R. C. L. 72 is substantially the same. So also in 6 C. J. at 1084: "A bailment may be defined as a delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it, as the case may be." And, at page 1102, "Bailment is a contractual relation, and it is essential to its creation that there be a delivery and acceptance of the goods upon a contract express or implied defining the purpose of the transaction."

In our opinion, based on these definitions, when a son, living with his father, uses the father's car with the latter's express or implied consent, given simply because of the family and friendly relationship between them and not as a part of a transaction intended by them to create reciprocal rights and obligations between them, and the consent covers general use of the car by the son, when the father does not want it himself, and is not confined to its use for a specific purpose, the son is not the father's bailee, but is his statutory agent under a statute worded as the 1929 statute was worded. The contrary interpretation of such a statute would completely nullify its obvious intent.

This view of the proper interpretation of the 1929 statute and the view which we have above expressed as to the proper interpretation and effect of the opinion of this court in *Ford* v. *Dorcus, supra,* are strongly supported by its opinion in *Massart* v. *Narragansett Electric Co.*, 54 R. I. 154, 171 A. 238, decided in 1934 under this same statute. That concerned two actions brought to recover for injuries received by the plaintiffs in a collision between an automobile in which they were riding and another automobile belonging to the defendant and then being negligently

operated by one Conyers. He was an employee of the defendant as a "troubleman." At the time of the collision he was not engaged in the performance of his duties as such "troubleman," but was driving home in the automobile after regular working hours, with the consent of the defendant. There was evidence that he was allowed to use it in going home and returning to work in the morning, in order that he might have it there for use in case of necessity of going out on an emergency job.

The cases were submitted to the jury on the question whether he was then operating it with the defendant's consent as the agent of the defendant, or was operating it as its bailee. The jury found specially that he was not operating it as bailee and returned verdicts for the plaintiffs, and these were sustained by the trial justice and this court. In its opinion this court, after discussing some previous cases, said, 54 R. I. 158: "Applying the statute—as construed in these cases—to the admitted fact that Conyers was operating the automobile with the express consent of defendant, it is liable for his negligence unless it appears he was a bailee of the automobile because the statute (Chap. 1429) does not impose upon the owner of an automobile liability for its negligent operation by his bailee. *Ford* v. *Dorcus*, 54 R. I. 1."

Further on, this court said: "The reasonable inference from the evidence is that while Conyers was driving the automobile to his home he was doing so as the servant of defendant and with its express consent and not as a bailee of the automobile. This issue was correctly left to the jury and they found specially that Conyers was not a bailee of the automobile." Taking this language, just quoted, in connection with the previous language in the opinion with regard to the statute, the conclusion seems to us obvious that, as above stated, the issue, which this court said was properly submitted to the jury, was whether he was its agent under the statute, for whose negligence it was responsible, or was its bailee, for whose negligence it was not responsible under the statute.

What sort of evidence this court considered necessary to justify the jury in finding that Conyers was the defendant's bailee is shown by the following language, beginning on page 160 of the opinion: "Defendant's difficulty is the absence of proof showing any contract, express or implied, by which defendant delivered its automobile to Conyers for some particular purpose and entitled him to its possession and control until he had accomplished such purpose." The court also cites with approval the passage above quoted from 6 C. J. 1084.

In support of his contention that the son in the instant case was a bailee the defendant cites *Johnson* v. *H. M. Bullard Co.*, 95 Conn. 251, 111 A. 70. But in that case no statute was involved; and no distinction between a bailment and a mere permissive use, without anything in the nature of an agreement, was in any way involved. The defendant, owner of a truck, had given its driver permission to use it for a day's pleasure trip with some friends, one of whom was injured, while riding in it, because the truck was in a defective condition and therefore broke down. The degree of the owner's responsibility for its condition depended on whether or not he was to be paid in some form for the use of the truck. It was held that he was not, and that therefore he was not liable to the plaintiff, because it was not shown that the defendant had any knowledge or notice of the defective condition of the truck. The court did indeed describe the relation between the owner and the operator of the truck as a gratuitous bailment; but as there was no reason, in the case before the court, for making any distinction between such a bailment, created by an agreement, and a mere friendly permission to the operator to use the truck temporarily for his own pleasure, without anything in the nature of an agreement, the owner's responsibility at common law, as to the condition of the truck, being the same in either case, and as no such distinction was ruled on, the opinion and decision have very little, if any, bearing on the instant case.

In our judgment there was clearly no evidence introduced at the trial in the instant case which could support a finding that at the time of the accident the operator of the car was bailee of it. On the other hand there was evidence from which the jury might properly have found, not only that the defendant's son was then operating the car with the defendant's consent, as the defendant indeed concedes, but also that such consent was general and not for any specific purpose, and was given solely by reason of family and friendly relations between them and not under an agreement intended to create reciprocal rights and obligations. Therefore we find that the trial justice was not justified in directing a verdict for the defendant on the ground that at the time of the accident the car was being operated by the defendant's son as his bailee, for whose negligence the defendant was not responsible under the language of the 1929 statute.

The trial justice found that that statute applied to the case, but the defendant has contended before us that, although it was in effect when the accident occurred, it did not apply to the case, because it was a statute affecting procedure only and not the substantive law and had been repealed before the trial occurred. This contention does not seem to have been made at the trial and the defendant now seems to rest it solely on some language of this court in its opinion in *Hartley* v. *Johnson*, 54 R. I. 477, 175 A. 653, without attempting to justify that language on principle or authority.

In that case the defendant's truck was being operated, at the time of the accident involved, by the son of an employee of the defendant; and there was no evidence that the son was an agent of the defendant and no evidence of consent by the latter to the operation of the truck by the son, or at least none that the son might operate it in the absence of the father, who was not present at the time of the accident. The son, therefore, was not the agent of the defendant under the terms of the 1929 statute; and for that reason the decision in favor of the defendant was

correct. Moreover, as the court stated, the truck was being used without defendant's consent for a purpose for which not even the father had any right to use it. For these reasons the statute did not apply, since no consent by the defendant was shown.

This court, however, stated that the question of agency was controlled by the common law and not by that statute, "which was amended after the accident . . . and before the trial." It then called attention to the language of the statute that, under the circumstances stated therein, the operator of a motor vehicle "shall, in case of accident, be deemed to be the agent of the owner" etc.; and quoted in support of its statement, above mentioned, the following from 25 R. C. L. 791: "Statutes which simply declare a rule of evidence, without creating new rights nor taking away vested ones, are not within the rule against retrospective operation." Just what the court meant by this is not very certain, but at any rate it is clear to us, upon consideration now, that the 1929 statute made a substantive change in the law as it before existed, and that any injured person who acquired a right of action under that statute, while it was in effect, could not be deprived of that right by the later amendment or repeal of that statute. Therefore we find no merit in the defendant's contention that the 1929 statute does not apply to the instant case.

The defendant also contends that even if the defendant's son was his statutory agent in the operation of the car, he was not his statutory agent in inviting the plaintiff to ride with the son in the car. In support of this contention he cites some cases, in each of which the operator of the motor vehicle was a common law agent of the defendant in operating the vehicle, and the plaintiff was a third person who was injured by its negligent operation while he was riding in it by the invitation of the operator. In each it was held that the plaintiff could not recover because the invitation to him to ride in the vehicle was not within the scope of the operator's employment nor with the consent of his employer.

But it was recognized in each of these cases, and is the law, that if the invitation to the plaintiff to ride in the vehicle were within the scope of the agency or were expressly or impliedly consented to by the defendant, he would be liable to the plaintiff.

These are sound rules of law, and closely analogous rules are applicable to a case governed by such a statute as the one which governs the instant case. If the operator of a motor vehicle is deemed its owner's agent, by reason of the owner's express or implied consent to the operator's use of it, then a guest in the vehicle can recover from the owner for injuries due to its negligent operation, if such consent expressly or impliedly covered the presence of the plaintiff in the vehicle; otherwise not. In the instant case there was testimony that the son, without having to ask for it, was allowed by his father to use the car, unless the father was to use it himself; and there was nothing to indicate that the father's consent was limited to any particular uses of the car. The plaintiff was the son's fiancee and there is certainly nothing unusual in a young man using his father's family car in making a call, with a friend, on such friend's parents, a few miles away. Moreover there was testimony that "quite a few times" the defendant himself had been in the car when the plaintiff was in it, and that the son and the plaintiff quite frequently went in the car to her parents' home. There was, in our judgment, testimony from which the jury would be justified in finding that the plaintiff's presence in the car at the time of the accident was with the express or implied consent of the defendant.

Because of the findings which we have above made we conclude that the trial justice erred in directing the jury to return a verdict for the defendant.

The plaintiff's exception to the direction of a verdict for the defendant is sustained and the case is remitted to the superior court for a new trial.

*Roger L. McCarthy*, for plaintiff.

*Hinckley, Allen, Tillinghast & Wheeler, Harold A. Andrews*, for defendant.