EMILY BOWING *v.* DELAWARE RAYON COMPANY.

(*January* 8, 1937.)

LAYTON, C. J., and HARRINGTON, J., sitting.

*Howard A. Miller* for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, No. 109, January Term, 1936.

LAYTON, C. J., delivering the opinion of the Court:

The defendant contends that this Court has inherent power, in its discretion, to direct a physical examination of the plaintiff in an action to recover damages for personal injuries. A majority of the jurisdictions affirm the power. See *Williams v. Chattanooga Iron Works*, 131 *Tenn.* 683, 176 *S. W.* 1031, *Ann. Cas.* 1916*B*, 101; note to *Brown v. Hutzler Co.*, 51 *A. L. R.* 184; 4 *Wigmore, Ev.* (2d *Ed.*), § 2220.

Obviously, however, if this power is expressly conferred by the statute, and if thereunder the desired relief may be had, the question whether the Court has inherent power to accomplish the same result becomes academic.

It is not contended that the power to direct a plaintiff

in an action to recover damages for personal injuries to submit to a physical examination, in proper cases and under proper restrictions, may not be conferred upon the Court by the legislature. See *Camden & Suburban Ry. Co. v. Stetson*, 177 *U. S.* 172, 20 *S. Ct.* 617, 44 *L. Ed.* 721; *McGovern v. Hope*, 63 *N. J. Law* 76, 42 *A.* 830; *Lyon v. Ry. Co.*, 142 *N. Y.* 298, 37 *N. E.* 113, 25 *L. R. A.* 402. But the contention is made that the statute does not operate retrospectively, and, therefore, the defendant may not avail itself of it.

Retroactive laws are not favored. They are regarded as dangerous and generally reprehensible, and a retrospective operation will not be inferred. *Jones v. Wootten*, 1 *Harr.* 77; *Smith v. Clemson*, 6 *Houst.* 171. But, in a legal sense, a retrospective law is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability in respect of transactions or considerations already past. 25 *R. C. L.* 785; and the general rule is, in the absence of expressed contrary intent, that enactments which do not effect the nature of the remedy, but relate solely to incidents of procedure, are applicable to all proceedings taken in pending actions from the time they take effect. 59 *C. J.* 1175; 25 *R. C. L.* 791.

The statute was enacted in the furtherance of justice. Its purpose is to prevent impositions and frauds, by the discovery of the truth with respect to matters which a plaintiff himself, in a personal injury action, offers for judicial investigation. One seeking to recover damages for personal injuries may not contend that a statute, which prescribes means for aiding the Court and jury in the determination of issues raised by himself, is an invasion of a right, and therefore, ought not to operate retrospectively.

The statute enacts a rule of procedure. It does not in any manner affect the nature of the right of action or

the remedy therefor. It relates solely to matter of evidence, and comes within the exception to the rule against retrospective construction. 59 *C. J.* 1177.

In *Nichols v. Vinson,* 9 *Houst.* 274, 32 *A.* 225, the plaintiff, a married woman, sued the defendant. Afterwards a statute was enacted permitting husband and wife to testify in all civil actions in which either or both are or may be parties. The competency of the plaintiff's husband to testify was questioned on the ground that the statute applied only to cases originating after the passage of the act, but the Court overruled the objection, and permitted the testimony.

In *Robbins v. Holman,* 11 *Cush.* (*Mass.*) 26, the action was brought on January 11, 1851. Interrogatories were filed under a statute passed thereafter. The question was raised, whether the statute applied to pending actions; but it was held that the mode of conducting a suit, or the rules of practice regulating it, could not be considered as being subjects of vested rights in any sense. The Court said that it might as well be contended that a party has the right to have his action tried in the Court under the same organization as it existed when instituted, or by the same number of jurors, though the legislature had seen fit to alter that number, as to contend that the rules of evidence, or form of proceeding, may not be changed so as to affect all future trials, whether of actions commenced, or subsequently instituted. See, also, *Bickford v. Boston & Lowell R. R. Corp.,* 21 *Pick.* (*Mass.*) 109.

We are of opinion, therefore, that the statute is applicable to all actions, whether pending at the time of its approval or instituted thereafter. The prayer of the petition is granted, and the Court seasonably will make the order prayed for.