

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. E. Nicholson, Chairman
Committee on Municipal and Private Corporations
House of Representatives, 49th Legislature
Austin, Texas

Dear Mr. Nicholson:

Opinion No. O-6472
Re: Constitutionality of H.B.
No. 553 concerning consolida-
tion of a town or village of
less than 5000 population,
with a city having more than
5000 population.

We beg to acknowledge receipt of your request for
an opinion by this department upon the above subject mat-
ter, as follows:

"I am directed by the Committee on Munici-
pal and Private Corporations to send the attached
House Bill No. 553 to you and request that an
opinion be given the Committee as to the legality,
or constitutionality, of that section dealing with
the retrospective or retroactive provision of the
bill contained in the third paragraph of Section 1,
beginning on page 2.

"In passing it will be noted that the bill
in Section 2 proposes to amend a certain article.
Undoubtedly, this should be changed so as to amend
the proper chapter. Your opinion in this connec-
tion will also be appreciated."

That portion of H. B. No. 553 especially pointed out
by you as probably being retrospective, is as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"This Section is hereby declared to be retrospective to the following extent.  All petitions purporting to be signed by qualified voters, and presented to the governing body and all ordinances, resolutions, notices, declarations or other acts by the governing body of any city, town or village coming within the applicable provisions of this section, purporting to be in compliance with the statutory provisions contained in Chapter 15 of Title 28 Revised Civil Statutes of 1925; and any notice, declaration, certificate or other act required to be done or purporting to have been done by any mayor, councilman, commissioner, alderman, city secretary or city clerk in compliance with the statutory requisitions of Chapter 15 of Title 28 Revised Civil Statutes of 1925; shall have the same legal effect as if there had then existed a law authorizing each act to have been done and authorizing cities, towns and villages of less than 5,000 population to consolidate.  Any election held prior to the enactment of this act submitting the question of consolidation to the qualified voters of cities or towns authorized to consolidate by this act, shall in all things be deemed a legal and valid election as if this law had been in existence on the date of such election; provided the requirements of law applicable to consolidation of cities and towns have otherwise been complied with."

Section 16 of Article I of the State Constitution - the Bill of Rights - is as follows:

"No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contract, shall be made."

We note that the bill, as above quoted, uses the word "retrospective" rather than the word "retroactive", but this can make no difference since the two words as used in constitutions are held to be synonymous.  Rairden v. Holden, 15 Ohio St. 207; Gray v. Toledo (Ohio) 89 N. E. 12; State v. Pleason (N. D.) 218 N. W. 154; Ashley v. Brown (N. C.) 151 S. E. 725; Wilson v. New Mexico L. & T. Co. (N. M.) 81 Pac. (2) 61; Continental Oil Co. v. Montana Concrete Co. (Mont.) 208 Pac. 116.

The words retroactive and retrospective laws, within the meaning of statutes and constitutions, mean those that in retrospect would affect prior acts, transactions, or rights already accrued giving to such a legal effect different from what it had under the law when they occurred. State v. Whittlesey (Wash.) 50 Pac. 119; Clearwater Township v. Board (Mich.) 153 N. W. 824; Keith v. Guedry (Tex.) 114 S. W. 392; Duck v. Black Diamond Colleries (Tenn.) 33 S. W. (2) 65; American Surety Co. v. Axtell Company (Tex.) 36 S. W. (2) 715; Bowing v. Delaware Rayon Co. (Del.) 188 Atl. 769; Ducey v. Patterson (Colo.) 86 Pac. 109; Gray v. City of Toledo (Ohio) 89 N. E. 12; Westerman v. Supreme Lodge K. of P. 94 S. W. 470 (Mo.); Gladney v. Sydnor (Mo.) 72 S. W. 554; Turbeville v. Gowdy (Tex.) 272 S. W. 559.

Corollary to what we have just said it follows that a law which does not operate retrospectively to affect any vested right of any person is not retroactive or retrospective, as those terms are used in constitutional law.

It is permissible, therefore, for a statute to draw on or to relate to antecedent facts in any pertinent and constitutional way in the process of making law, which does not attempt to disturb existing vested rights, as above shown. Cox. v. Hart (U. S.) 67 Law Ed. 332; Clearwater Township v. Board (Mich.) 153 N. W. 824; Westerman v. Supreme Lodge K. of P. (Mo.) 94 S. W. 470; Gladney v. Sydnor (Mo.) 72 S. W. 554.

The obvious reason for the distinction we have here noticed is that statutes creating rights, obligations or duties arising entirely prospectively are not invalid merely because they are predicated or formulated in part upon prior acts, conditions, situations and the like, for the simple reason there is no constitutional provision forbidding such an act; whereas there is almost universal constitutional prohibition against retroactive or retrospective laws creating rights, duties or obligations which did not exist before.  It is the latter situation that such constitutional provisions prescribe.

This view is but another way of giving effect to curative acts of the Legislature.

Corpus Juris Secundum thus states the general rule:

"In general, where there is no constitutional prohibition, a Legislature may, by retrospective statute, cure mere irregularities in prior proceedings which do not extend to matters of jurisdiction; and ordinarily it may ratify and validate any past act which it could originally have authorized, provided it still has the power to authorize it and its authorization does not impair vested rights. Common expressions of this rule are to the effect that the Legislature may validate retrospectively any proceeding which it might have authorized in advance, or may cure by subsequent statute what it might have dispensed with altogether. So, statutes curing defects in acts done, or authorizing or confirming the exercise of powers, are valid where the Legislature originally had authority to confer the powers or authorize the act." - Vol. 16, p. 875-6 ¶ 422.

We are in accord with your suggestion that the title to H. B. No. 553 should be changed to read in substance as follows:

"AN ACT to amend Chapter 15, Title 28 of the Revised Civil Statutes of Texas, 1925." and so on as you have it in the title.

This, we believe, answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                    Ocie Speer
                     Assistant

APPROVED    MAR 20 1945

os;lj

