**UNITED SECURITIES CORPORATION,**
Appellant,

v.

**Cora E. BRUTON, Appellee.**

**No. 3749.**

District of Columbia Court of Appeals.

Argued Sept. 13, 1965.

Decided Nov. 5, 1965.

2. 178 A. at 253.

3. 108 F.2d at 599.

Bernard T. Levin, Washington, D. C., for appellant.

William J. Bartle, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellee purchased two wigs from The Wig Shoppe, Inc. and in payment therefor gave her promissory note for $322.98. Two

weeks later she returned one of the wigs to The Wig Shoppe, and complained of defects in its workmanship. After paying approximately one-half of the note she refused to make further payments. This action was brought by United Securities Corporation, to whom The Wig Shoppe had sold the note two days after its execution, for the balance of the note.

The trial court found that United Securities was not a holder in due course, and gave judgment for appellee. On this appeal United Securities asserts that it relies upon Title 28, Section 409, of the District of Columbia Code, 1961 ed., which provides that: "Every holder is deemed prima facie to be a holder in due course * * *," and claims it was denied the benefit of the statutory presumption.

Appellant overlooks the fact that Title 28, Section 409, of the 1961 Code has been superseded by D.C.Code 1961, § 28:3–307 (Supp. IV, 1965), a part of the Uniform Commercial Code, effective in this jurisdiction since January 1, 1965. Section 28:-3–307(3) provides:

> After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course.

Although the entire transaction occurred prior to the effective date of the Uniform Commercial Code, the trial occurred after the effective date, and the burden of proof, a procedural matter, was controlled by the law existing at date of trial. There is no vested right in a rule of evidence,[1] and a statute relating solely to procedural law, such as burden of proof and rules of evidence, applies to all proceedings

1. Miller-Brent Lumber Co. v. State, 210 Ala. 30, 97 So. 97 (1923); Birmingham Trust & Savings Co. v. Curray, 175 Ala. 373, 57 So. 962 (1911); Fish v. Chicago, St. P. & K. C. Ry. Co., 82 Minn. 9, 84 N.W. 458 (1900).

after its effective date even though the transaction occurred prior to its enactment.[2] Procedural statutes are the exception to the general rule against retroactive application, if indeed the application can be considered retroactive.[3] The savings clause of the Act under consideration preserves the "rights, duties and interests" of the parties to transactions entered into prior to its effective date,[4] but we do not construe this as an intention by Congress that procedural changes made by a statute should not apply in court proceedings for the enforcement of such rights, duties and interests.

In the case before us a defense of defective workmanship in the article sold was shown. Appellant made no attempt to meet the merits of that defense, but sought to avoid the defense by its claim of being a holder in due course. Under present law the burden was on appellant to prove that it was "in all respects a holder in due course." The only evidence offered by appellant to establish its status as a holder in due course was that it "purchased" the note on the date shown on the endorsement. It offered no evidence of the price paid and no explanation why the note was payable at its office, or why the note was purchased so promptly after its execution, or what was the relationship between it and the payee. Under these circumstances the court could, as it did, find that appellant had failed to sustain its burden of proving it was a holder in due course.

Affirmed.

2. Moffitt Building Material Co. v. U. S. Lumber & Supply Co., 255 Iowa 765, 124 N.W.2d 134 (1963); Blyer v. Hershman, 156 Misc. 349, 281 N.Y.S. 942 (1935); Dargel v. Henderson, Em.App., 200 F.2d 564 (1952); First Methodist Episcopal Church of Grand Forks v. Fadden, 8 N.D. 162, 77 N.W. 615 (1898). Penneys v. Segal, 410 Pa. 308, 189 A.2d 185 (1963), appears to be to the contrary.

3. Alston v. Forsythe, 226 Md. 121, 172 A.2d 474 (1961); Federal Broadcasting System v. Federal Communications Com'n, 99 U.S.App.D.C. 320, 239 F.2d 941 (1956); Bowing v. Delaware Rayon Co., 38 Del. 111, 188 A. 769 (1937); Hartley v. Johnson, 54 R.I. 477, 175 A. 653 (1934); Ritter v. Seestedt, 212 Mich. 208, 180 N.W. 412 (1920).

4. P.L. 88-243, 88th Cong.H.R. 5338, 77 Stat. 630, Uniform Commercial Code § 15(b). This section appears in the notes preceding D.C.Code 1961, § 28:1-101 (Supp. IV, 1965).