## RITTER *v.* SEESTEDT.

1. FRAUDULENT CONVEYANCES—STATUTES—RULE OF EVIDENCE—RETROACTIVE STATUTES—ADMISSIBILITY.

> On a bill in aid of execution, attacking the conveyance of a theater building by a husband to his wife as being in fraud of creditors, Act No. 99, Pub. Acts 1917, creating a rule of evidence, is applicable, although not passed when the conveyance was made, where it was in effect when the suit was begun, and by its provisions it is made applicable to "all suits begun or hereafter to be begun."

2. STATUTES — CONSTRUCTION — RETROACTIVE STATUTES — RULE OF EVIDENCE.

> A statute creating a rule of evidence is excepted from the general rules governing the interpretation of retroactive statutes.

3. FRAUDULENT CONVEYANCES—HOMESTEADS—EXEMPTIONS — ABANDONMENT—INTENT.

> Where, before the conveyance of the premises in question, defendants had formed an intention to abandon the same as their home, and make their home in another locality, which they subsequently did, and before plaintiff's levy was made, the trial court properly held that they were not entitled to homestead exemption therein, since they would not be entitled to a homestead in both places.

4. SAME—VALUE OF PREMISES—INCOME FROM RENTALS—EVIDENCE.

> While income from rentals is not always a safe basis to judge of the value of real estate, it is an important element in arriving at its true worth.

5. SAME—EVIDENCE—SUFFICIENCY—INTENT.

> Where defendant husband, after having been engaged in an unprofitable manufacturing business in which he had lost considerable money, which fact was known to his wife, conveyed to her all of his property which was subject to levy and sale upon execution by his creditors, for the expressed consideration of one-half its fair value, said conveyance was properly held by the trial court to have been

---

On transactions between husband and wife as fraud on creditors, see note in 32 L. R. A. 67.

On burden of proof as to fraud against creditors in transfer from husband to wife, see note in 56 L. R. A. 823.

made for the purpose of hindering and delaying creditors in collecting their claims and to amount to a fraud upon them.

Appeal from Wayne; Hosmer (George S.), J.   Submitted October 5, 1920.   (Docket No. 21.)'   Decided December 21, 1920.

Bill in aid of execution by James C. Ritter against Otto A. Seestedt and Lucile B. Seestedt.   From a decree for plaintiff, defendant Lucile B. Seestedt appeals.   Affirmed.

*Henry B. Graves,* for plaintiff.

*Moore & Moore,* for appellant.

BIRD, J.   This proceeding is one in aid of execution. Plaintiff had two judgments against defendant Otto A. Seestedt and others, aggregating the sum of $562.73, and he caused a levy to be made on a certain moving picture theater situated at 531 Baker street in the city of Detroit, to which Seestedt had formerly held title, but which he had transferred in March, 1916, to his wife, Lucile, the other defendant herein, for an expressed consideration of $5,000.

The indebtedness which furnished the basis for the judgments was contracted several months prior to the conveyance of the theater to Mrs. Seestedt, and plaintiff charges that it was made to delay and hinder in the collection of his claim.   This is denied by defendants.   They assert that the conveyance was made in good faith and for a valuable consideration and with no intent to defeat or delay the collection of plaintiff's claim.   It is the claim of defendants, that on March 1, 1916, the husband was indebted to the wife in various sums aggregating $7,300, and for the purpose of liquidating this indebtedness he conveyed to her the

212—Mich.—14.

theater property. They explained, on the hearing, that the $7,300 was made up of $2,165 which Seestedt agreed to pay his wife for her dower interest in several pieces of real estate which he was desirous of selling and to which she was opposed; $2,650 for borrowed money which she had received from a deceased sister, and $2,090 for 209 weeks' services for acting as ticket seller at the theater. The balance, $395, was on account of interest on the several items. In addition to these items counsel for defendants insist that there should be added to this amount the homestead and dower interest of the wife in the theater property.

Plaintiff attacked most of these items as being fictitious, void and fraudulent. Much testimony was taken bearing upon the validity of these claims, also upon the question of the value of the property at the time it was conveyed. The chancellor found that the property, at the time it was conveyed, was worth considerably more than $7,300, that they had no homestead exemption in the theater building, as they had concluded to abandon it for another home in Algonac, and that the claim for services in selling tickets was an afterthought for the purpose of making up a consideration for the deed, and accordingly set aside the conveyance as being in fraud of plaintiff's claim.

1. Upon the hearing plaintiff gave evidence of his judgments, the levies made on the property and the conveyance from Seestedt to his wife, and rested, claiming that these proofs made a *prima facie* case of fraud under Act No. 215 of the Public Acts of 1917. Defendants took the position that this act did not apply because it was not passed until after the conveyance was made. This rule of evidence was first added to our statutes at the legislative session of 1897 (Act No. 99). It appears to have been omitted from the judicature act, but was again re-enacted by the laws of 1917, and took effect in August of that year (Act

No. 215). The wording of the act makes it applicable to "all suits begun or hereafter to be begun." The present suit was not begun until after the act took effect and, therefore, is clearly within its terms. The fact that the act was not in effect when the conveyance was made is not of much importance. It being a rule of evidence, it is excepted from the general rules governing the interpretation of retroactive statutes. 36 Cyc. p. 1917, and cases. The objection does not appear to have merit.

2. Touching the claim of homestead, it appears that on March 1st, at the time the conveyance was made, the defendants lived in the flat in the theater building, and had lived there for three or four years. They, at that time, owned a lot in Algonac upon which they intended to construct a home. During the year 1916 they did construct a home and went there to live. Their own testimony tends strongly to show that before the conveyance was made they had formed an intention to abandon the theater property as their home and take up the same at Algonac, which they subsequently did, and before the levy was made. They would not be entitled to a homestead in both places. *LaPlant* v. *Lester,* 150 Mich. 336. We are not disposed to disturb the finding of the chancellor upon this question.

3. It is the contention of plaintiff that even if all of these items are genuine the sale was a fraud upon him because of the gross inadequacy of the consideration. Several real estate men who were familiar with values in that part of the city were witnesses. Three of them were of the opinion that the premises were worth $10,000 and upwards at the date of the conveyance. One thought it was worth considerably less than that sum. But from all we are able to gather from the record on the question of value, we are convinced that $10,000 was a fair price for the premises

on March 1, 1916. In reaching this conclusion on the question of value we have been influenced to some extent by the rentals which were received for the use of the premises immediately following the conveyance. The first year Mrs. Seestedt received $3,900 from rentals, the second year $2,500. While income from rentals is not always a safe basis to judge of the value of real estate, it is an important element in arriving at its true worth.

The record indicates that when Seestedt conveyed the theater to his wife he thereby divested himself of all his property which was subject to levy and sale upon execution by his creditors. He had no right, as against creditors, to dispose of all of his property for a sum considerably less than its fair value. He had recently been engaged in an unprofitable manufacturing business and had lost considerable sums therein, and we are satisfied that his wife was cognizant of the fact and knew of his financial condition. We are persuaded on the whole record, as the chancellor was, that the conveyance was made for the purpose of hindering and delaying plaintiff in the collection of his claim. And we are also of the opinion that the sale price was so much less than the fair value of the premises that it amounted to a fraud on other creditors.

In view of the conclusion we have reached upon the question of value and upon the question of intent in making the conveyance it will be unnecessary to consider the remaining questions discussed in the briefs.

The decree will be affirmed, with costs of both courts to the plaintiff.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.