WEARNER v. WEST MICHIGAN CONFERENCE OF SEVENTH DAY ADVENTISTS.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COMPENSABLE ACCIDENT—MINISTER.

Where minister, engaged to look after affairs of churches in two neighboring cities, was fatally injured by automobile after he alighted from street car on his way to attend evening meeting at home of one of his parishioners, his injuries arose out of and in course of his employment, justifying award to his dependents under workmen's compensation act.

2. SAME—NONRESIDENT—ACCIDENT IN ANOTHER STATE.

Dependents of employee, whose duties for Michigan employer under Michigan contract were rendered partly in and partly out of State, are entitled to award under workmen's compensation act for his accidental death, although he was nonresident and accident occurred out of State, where it arose out of and in course of his employment.

Appeal from Department of Labor and Industry. Submitted October 21, 1932. (Docket No. 209, Calendar No. 36,685.) Decided December 6, 1932.

Emma Wearner and another presented their claim against West Michigan Conference of Seventh Day Adventists, employer, and Employers' Liability Assurance Corporation, insurer, for the accidental death of A. G. Wearner while a minister in the employ of defendant employer. From an award to plaintiffs, defendants appeal. Affirmed.

*Dean S. Face,* for plaintiffs.

*W. E. Vaughan,* for defendants.

BUTZEL, J.  West Michigan Conference of Seventh Day Adventists, as employer, and Employers' Liability Assurance Company, as insurer, appeal from an award of the department of labor and industry in favor of Emma Wearner, widow, and Bernadine Wearner, minor child, of A. G. Wearner, deceased.  Appellant West Michigan Conference of Seventh Day Adventists is a religious organization with headquarters at Grand Rapids, Michigan.  The government of the Seventh Day Adventists Church is divided into areas, which are called "conferences."  The West Michigan conference is composed of certain counties in the western portion of the lower peninsula in this State and five counties in the State of Indiana.  The salary and expenses of the minister of each church within the conference are paid by the conference organization.  In the spring of 1928, the conference requested a minister of the church, who lived at Lincoln, Nebraska, to negotiate with ,Rev. Mr. Wearner of that city to take a pastorship under the West Michigan conference at Grand Rapids, Michigan, and also obtain his release from the Nebraska conference.  Shortly thereafter, Rev. Mr. Wearner came to Grand Rapids, where a church was assigned to him, and he became an employee of the conference.  Two years later the conference convened at Hastings, Michigan, and hired him for another two-year term and issued credentials to him accordingly.  He remained pastor of the Adventists Church of Grand Rapids until July, 1931, when the executive committee assigned him to the territory at South Bend, Indiana, where it became his duty to look after the affairs of the. church both at South Bend and also the neighboring city of Niles, Mich-

igan, both within the territory of the employer. It continued to pay his salary as well as other expenses, including the installation and service of a telephone, a subsidy on his rent and a certain amount for mileage, while traveling in the course of his duties.

One of his duties was to visit Niles, Michigan, very frequently. He went there almost daily during the month preceding his death. On the evening of December 7, 1931, while in pursuit of his regular duties, he left his home to attend an evening meeting at the home of one of his parishioners in South Bend, Ind. Almost immediately after alighting from a street car on his way to the meeting, and while between the street car and curb, he was struck by an automobile. He was severely injured and died as a result.

Even were there any merit to appellant's claim that the services of Rev. Mr. Wearner were to be rendered wholly outside of the State, and that he was no longer a resident of Michigan, the question would be governed by the recent case of *Roberts* v. *I. X. L. Glass Corp.*, 259 Mich. 644. The work was being done for a Michigan employer under a Michigan contract. The employee received his fatal injuries while performing duties arising out of and in the course of his employment. There is not only some, but an overwhelming preponderance, of evidence supporting the commission's award, which we herewith affirm, with costs to appellees.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.