## BABL *v.* PERE MARQUETTE RAILWAY CO.

1. Railroads—Depots—Users.

A railroad depot is not like a highway in respect of the rights of its users, since they use it in different capacities, such as passengers, licensees or trespassers, which govern their rights and liabilities.

2. Workmen's Compensation—Depot Lobby—Railroads—Landlord and Tenant—Employer's Premises.

In depot building of which defendant railroad company, employer, leased several upper floors, lobby on ground floor through which elevator and stairways to upper floors were reached, *held,* properly found part of employer's premises as a way by necessity, in proceedings by clerical employee who sustained fatal injury by slipping on wet floor when entering building 10 minutes before her work commenced.

3. Same—Depot Company—Railroads—Settlement.

In proceeding by employee of railroad company to recover workmen's compensation for injury sustained in lobby of depot building owned by depot company which leased several upper floors to her employer, finding of department of labor and industry that settlement and payment had been made by claim agent on behalf of employer only *held,* sustained by evidence.

4. Same—Option of Employee to Proceed Against Third Person Tortfeasor or Employer—Subrogation.

If employee suffers injuries under circumstances creating legal liability in a person other than the employer, employee has option of proceeding at law against tortfeasor or against employer for compensation, but not against both, but if compensation is paid, employer is subrogated to right of action of employee against third person tortfeasor (2 Comp. Laws 1929, § 8454).

5. Same—Settlement.

Settlement with employee who suffered injuries under circumstances creating legal liability in a third person must be made with and payment of damages come from third party tortfeasor in order to bar proceedings for compensation against employer (2 Comp. Laws 1929, § 8454).

Wiest, J., dissenting.

Appeal from Department of Labor and Industry. Submitted April 3, 1935. (Docket No. 52, Calendar No. 38,334.) Decided June 3, 1935.

Elizabeth Babl presented her claim against Pere Marquette Railway Company for injuries resulting fatally to Veda Babl while in defendant's employ. Award to plaintiff. Defendant appeals. Affirmed.

*Gloster, Giller & Briggs,* for plaintiff.

*W. K. Williams* and *N. F. Crawford,* for defendant.

FEAD, J. Veda Babl was an employee of defendant, doing clerical work, posting in car record books the location of defendant's cars on its own or other roads. About half of the cars were engaged in interstate transportation. Her work commenced at 8 o'clock a. m.

Defendant leased the second, third and fourth floors, with halls, corridors and toilets thereon, and the elevator in the Fort street depot in Detroit. Several railroad companies used the depot, which is owned by the Fort Street Union Depot Company. Veda worked on the fourth floor.

The Fort street entrance leads into a "lobby," in which are the elevator and the stairs to the upper floors, telephone booths, etc. The lobby opens into the general waiting room, to which there are entrances from Third street. The Fort street entrance is the more direct way to the elevator.

September 14, 1931, at 7:50 a. m., Veda came into the lobby from Fort street, slipped on the wet floor and hurt her knee. Defendant reported the accident as noncompensable. In November, 1933, Veda made claim for compensation but died before hearing.

Her mother claims as a dependent and had an award, which is here reviewed. Except for questions of fact regarding the injury and its connection with Veda's death, upon which there was testimony and the finding of the department is final, the issue here concerns the place of the injury and the settlement therefor made by Veda in December, 1932.

Defendant claims Veda was not on its premises when injured but was in a public place analogous to a highway. We need not consider the cases dealing with injury on a street in going to or from work. *Reed* v. *Bliss & Van Auken Lumber Co.*, 225 Mich. 164, nor with injuries off of but in proximity to the employer's premises, *Hills* v. *Blair,* 182 Mich. 20 (7 N. C. C. A. 409). A railroad depot is not like a highway in respect of the rights of its users. Persons using a railroad depot do so in different capacities, as passengers, licensees or trespassers, which govern their rights and liabilities. Defendant's lease was useless without a right of way from the elevator to the street. Such right of way of necessity attached to the lease and would affect the rights and liabilities of defendant's employees in using it, as against the depot company. Veda was hurt on premises of which defendant had right of use for ingress and egress of its employees. The commission was justified in holding the place of injury part of the employer's premises because provided by it for the purpose of reaching the elevator. *Black* v. *Herman,* 297 Pa. 230 (146 Atl. 550).

When the injury occurred, defendant denied liability, taking the position that Veda was engaged in interstate commerce and the State law did not apply. *Erie Railroad Co.* v. *Szary,* 253 U. S. 86 (40 Sup. Ct. 454); *Erie Railroad Co.* v. *Collins,* 253 U. S. 77 (40 Sup. Ct. 450). Those cases were later overruled.

*Chicago & Eastern Illinois R. Co.* v. *Industrial Commission of Illinois,* 284 U. S. 296 (52 Sup. Ct. 151, 77 A. L. R. 1367).

On December 22, 1932, Veda's attorney and Mr. Kirkpatrick, a general claim agent, made an adjustment for the injury at $600. Mr. Kirkpatrick testified that he was the general claim agent of the different railroad companies using the depot and of the depot company. He understood his salary was apportioned among the companies but did not know. He said he made the settlement solely in behalf of the depot company because Veda was injured on its property, and not for the defendant. He said he instructed the bill be made against the depot company but payment of claims is handled by the accounting division. He produced no written instruction for payment by or charge against the depot company. A voucher for $600 was issued by defendant and recited that it was in full settlement for damages to person or property received while employed as a clerk by defendant, "and in full of all claims to date against the said Pere Marquette Railway Company." The depot company is not mentioned in the voucher. Mr. Kirkpatrick stated that the check was made by defendant as a matter of convenience and common practice in connection with the relations between the railroads and the depot company. He produced no documentary evidence to support the statement. The actual payment was not within his knowledge. There was no evidence that defendant ever charged the depot company or was reimbursed by it on account of the settlement.

The department held, as facts, that the settlement was made in behalf of defendant and payment made by it. The testimony supports the finding.

A formal agreement of settlement, however, was executed, the pertinent part of which is:

"I, the undersigned, acknowledge the receipt of $600, from the Pere Marquette Railway Company and the Fort Street Union Depot Company in full release, compromise, satisfaction, and discharge of all claims and demands that I have or may have against it arising out of accident sustained at the Fort Street Union Depot, Detroit, Michigan, on or about the 14th day of September, 1931, while employed as clerk by the Pere Marquette Railway Company, for loss or damage to property and (or) because of personal injuries including pain and suffering and (or) for loss of services."

Section 8454, 2 Comp. Laws 1929, provides, in substance, that where the injury is caused under circumstances creating a legal liability in a person other than the employer, the employee has the option of proceeding at law against the tortfeasor, or against the employer for compensation, but not against both. If compensation is paid, the employer is subrogated to the right of action of the employee against the third person tortfeasor.

In *Tews* v. *C. F. Hanks Coal Co.*, 267 Mich. 466, this court, speaking by Mr. Justice Wiest, held that settlement of a claim against a third party tortfeasor is a bar to compensation under the statute, saying:

"The payment by the railroad company and the release given by plaintiff, perhaps, do not, standing alone, show circumstances creating a legal liability of the railroad company, but the settlement assumed the existence of such a legal liability and in this proceeding plaintiff must be held to have received the $2,000 in satisfaction of a valid claim for damages."

The * statute is thus carefully guarded from becoming a vehicle of violation of † the compensation

---

* (section of the)—Reporter.

† (other portions of)—Reporter.

act.  Settlement must be made with, and payment of damages must come from, the third party.  If this were not so, whenever an employee is injured by the negligence or tort of another employee, the employer could escape the compensation act by making a compromise with the employee, paying the damages himself, but naming the tortfeasor in the agreement of settlement.

·Award affirmed.

POTTER, C. J., and NELSON SHARPE, NORTH, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with FEAD, J.

WIEST, J. (*dissenting*).  It seems to me that the opinion of Mr. Justice FEAD reads into the statute, or at least adds thereto, the following provision found in the statutes of some other States:

"Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment."

See *Northwestern Fuel Co.* v. *Industrial Commission of Wisconsin*, 197 Wis. 48 (221 N. W. 396), where such a statute of Wisconsin is quoted (Wis. Stat. 1927, § 102.03 [2]).

We have no such statute.  But it may be said that such a statute is superfluous considering some decisions so holding without a like statute.  The answer is that the compensation law is in derogation of the common law and strictly a statutory remedy for accidents arising out of and in the course of the employment.  If an accident, happening upon the way to employment, is to be considered as arising out of and in the course of the employment the statute should so provide.

In this jurisdiction we adhere strictly to the essentials that the accident must arise, not only out of, but as well in the course of the employment.

It may be conceded that the employment of plaintiff brought her to the place of the accident, but such is not enough, for it must appear that the accident at that place arose in the course of her employment. The way where plaintiff slipped was as well the public entrance to the passenger station room of the railroad depot.

I think the award should be vacated, with costs against plaintiff.