STATE TREASURER *v.* KAISER-FRAZER CORPORATION.

1. Wᴏʀᴋᴍᴇɴ's Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ—Iɴᴊᴜʀʏ ᴏɴ Wᴀʏ ᴛᴏ ᴏʀ ғʀᴏᴍ Wᴏʀᴋ— Pʀᴏxɪᴍᴀᴛᴇ Cᴀᴜsᴇ.

An injury to an employee while merely on his way to or from work, without any causal connection between his injury and his work, and without any duty to perform at that time for the employer, does not arise out of and in the course of the employment (CL 1948, § 412.1).

2. Sᴀᴍᴇ—Pʀᴏxɪᴍᴀᴛᴇ Cᴀᴜsᴇ—Pʀᴇᴍɪsᴇs ᴏғ Eᴍᴘʟᴏʏᴇʀ.

An injury to be compensable under the workmen's compensation act must have arisen out of and in the course of the employment and have some causal connection between the injury and the employment more than the mere fact that the employee was on the premises of the employer which had been furnished by the employer for the use and benefit of the employee as an incident of the employment (CL 1948, § 412.1).

3. Sᴀᴍᴇ—Fᴀᴛᴀʟ Iɴᴊᴜʀɪᴇs Rᴇᴄᴇɪᴠᴇᴅ ʙʏ Eᴍᴘʟᴏʏᴇᴇ Wʜɪʟᴇ Eɴ Rᴏᴜᴛᴇ Hᴏᴍᴇ—Pʀᴏxɪᴍᴀᴛᴇ Cᴀᴜsᴇ.

Where employee, without dependents, was fatally injured after his work was ended for the day, had left his place of employment and was upon no mission for his employer, while crossing a semipublic highway outside of the control gate in fence surrounding the plant, there was no causal connection between deceased's injury and his employment and his injury did not arise out of and in the course of his employment, hence second-injury fund was not entitled to statutory contribution (CL 1948, §§ 412.1, 412.8a).

---

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs

[1–3] 58 Am Jur, Workmen's Compensation, §§ 217, 221.
[1–3] Workmen's compensation: Injuries while entering or leaving place of employment as arising out of or in course of employment. 49 ALR 424; 82 ALR 1043.

Appeal from Workmen's Compensation Commission. Submitted October 12, 1949. (Docket No. 69, Calendar No. 44,130.) Decided January 9, 1950.

Proceeding to determine why defendant Kaiser-Frazer Corporation should not contribute to second injury fund incident to death of its employee, William P. McIntyre. Award to plaintiff Treasurer of State of Michigan. Defendant appeals. Reversed.

*Stephen J. Roth*, Attorney General, *Edmund E. Shepherd*, Solicitor General, and *Daniel J. O'Hara* and *Maurice M. Moule*, Assistants Attorney General, for plaintiff.

*Markle & Markle* (*Richard G. Eubank*, of counsel), for defendant.

SHARPE, J. William P. McIntyre was employed as a sweeper at the Kaiser-Frazer plant at Willow Run. He completed his work on the night shift at 1:30 a.m., on January 8, 1947. He punched out at 1:31 a.m., left the building where he worked and crossed the factory grounds, a distance of approximately 300 feet, to the control gate in the fence surrounding the plant. He then proceeded in a northeasterly direction across a concrete highway which lay beyond the gate and between the building where he was employed and a parking space. He had proceeded approximately 102 feet across the highway when he was struck by an automobile driven by Earl Doane at about 1:45 a.m. Doane was also an employee who had finished his work and was on his way home. McIntyre was severely injured and died the next day.

The administrator of deceased's estate and the heirs of deceased elected to waive the benefits of the

compensation law in favor of their common-law remedy against the driver of the car.

In view of the fact that McIntyre left no dependents, the compensation commission issued an order to show cause why defendants, the employer and its insurer, should not pay $1,000 to the State treasurer under the provisions of part 2, § 8a, of the workmen's compensation act (PA 1912 [1st Ex Sess], No 10, part 2, § 8a, as added by PA 1943, No 245 [CL 1948, § 412.8a (Stat Ann 1949 Cum Supp § 17.158[1])]), which provides as follows:

"If death results from the injury and the employee shall leave no dependents within the meaning of this act, the employer shall pay or cause to be paid the sum of $1,000, less any amount paid to the employee as compensation during his lifetime for the injury which resulted in death. Such sum shall be paid into the State treasury of this State to be held as a second injury fund and applied solely to the payment of compensation as hereinafter prescribed in this section."

The commission found that the deceased's injury and death arose out of and in the course of his employment by defendant company and the fact that deceased's estate filed a petition in the probate court of Wayne county for the purpose of bringing an action for damages against the driver of the car that struck deceased was immaterial in a second injury fund proceeding.

The thoroughfare on which the accident occurred was within the boundaries of property leased from the Reconstruction Finance Corporation to Kaiser-Frazer Corporation. The lease provided:

"Lessee shall have the right to joint use with Government of all railroad tracks and rights of way and highways, owned and controlled by RFC adjacent to or in the vicinity of the leased premises, but

not located thereon, the use of which by lessee shall be necessary or desirable in the conduct of its business on the leased premises; and lessee shall pay to RFC a proportionate share of the cost of maintenance of such tracks, rights of way and highways upon a use basis. * * *

"It is understood that there are reserved to Government from the lease hereby made the following:

"(a) The right to joint use with lessee of all railroad tracks and rights of way and highways, located on the leased premises, the use of which by Government shall be necessary or desirable in its operation of the property owned or controlled by Government adjacent to or in the vicinity of the leased premises, and RFC will pay to lessee a proportionate share of the cost of maintenance of such tracks, rights of way and highways upon a use basis."

Upon leave granted, defendants appeal and urge that deceased, who had punched out, left the plant, and passed beyond the outside gate and into a semi-public highway, was not injured in the course of his employment. We have "consistently held that an injury to an employee while merely on his way to or from work, without any causal connection between his injury and his work, and without any duty to perform at that time for the employer, does not arise out of and in the course of the employment." * See *Daniel* v. *Murray Corporation of America, ante,* 1. In that case Mike Daniel finished his work, punched the time clock, and left his place of employment at defendant's plant. He crossed the street and entered a parking lot, which was provided by defendant company for the convenience and exclusive use of its employees. While walking on this lot towards his automobile, Daniel slipped into a hole and fell to the ground. In reversing an award for compensation, we said (p 14):

---

* See CL 1948, § 412.1 (Stat Ann 1949 Cum Supp § 17.151).— REPORTER.

"The fundamental test in this State is that the injury, to be compensable, must have arisen out of and in the course of the employment—there must be some causal connection between the injury and the employment more than the mere fact that the employee was on premises of the employer which had been furnished by the employer for the use and benefit of the employee as an 'incident' of the employment. That is not enough."

In our opinion decision in the case at bar is governed by our holding in the above case. Deceased was not within the ambit of his employment at the time of the fatal accident. His work was ended for the day, he had left his place of employment and was upon no mission for his employer. He was fatally injured by being struck by an automobile driven by a fellow employee who was also through work for the day and on no mission of his employer. There was no causal connection between deceased's injury and his employment. His injury did not arise out of and in the course of his employment.

The award is vacated. Defendants may recover costs.

REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred with SHARPE, J. BOYLES, C. J., concurred in the result.