WEAVER v. GENERAL MOTORS CORPORATION.

Workmen's Compensation—Injury Received While En Route to Exit Gate to Undergo Inspection.

Employee who slipped and fell after she had finished her work for the day, punched the time clock and was en route to place of exit from employer's premises which were surrounded by a high wire fence, at which place she was to submit to inspection by employer's watchman, suffered an injury arising out of and in the course of her employment since she was proceeding from one place where she had a duty to perform to another place where she had another duty to perform.

Appeal from Workmen's Compensation Commission. Submitted April 6, 1951. (Docket No. 48, Calendar No. 44,931.) Decided May 14, 1951.

Nanette Weaver presented her claim for compensation against General Motors Corporation, AC Spark

---

References for Points in Headnotes

58 Am Jur, Workmen's Compensation, § 221.

Workmen's compensation: Injuries while entering or leaving place of employment as arising out of or in course of employment. 49 ALR 424.

Plug Division, employer, for injuries sustained while in its employ. Award to plaintiff. Defendant appeals. Affirmed.

*M. Bushnell Trembley,* for plaintiff.

*Henry M. Hogan (R. V. Hackett, G. W. Gloster* and *E. H. Reynolds,* of counsel), for defendant.

DETHMERS, J.   Plaintiff was employed as an inspector on the assembly line in one of defendant's plants.   That plant and other buildings owned by defendant were situated on premises which were entirely enclosed by a high wire fence through which passage was possible by means of certain gates.   Employees were permitted to enter and leave the premises only through those gates.   They were required to show badges to plant protection men at the gate before entering.   When leaving the premises employees were required to have a pass.   As stated in the commission's opinion, and by defendant in its brief:

"Persons leaving the company property, including all employees, are subject to inspection by a watchman at the gate to see if persons leaving have anything that belongs to the company.   It was impossible for the plaintiff to leave the premises without passing through one of the gates and submitting to inspection by a watchman."

On the day in question and at the end of her shift plaintiff left her job on the assembly line, went to the time clock and punched it, promptly left the plant in which she worked, and walked over a usual, customary, direct and permitted route toward the gate through which she intended to make her exit from defendant's premises after passing inspection by defendant's watchman.   Before reaching the gate she slipped, fell, and sustained an injury.   From an

award of compensation and medical expense to plaintiff, the defendant appeals.

Did plaintiff's injury arise out of and in the course of her employment?

Plaintiff relies on *Brink v. J. W. Wells Lumber Co.*, 229 Mich 35, in which an employee sustained an accidental injury while going from work and in which this Court seems to have predicated liability for compensation on the fact that the employee was injured while still on the employer's premises. Before the commission this defendant urged that the *Brink Case* has been overruled by *Daniel v. Murray Corporation of America*, 326 Mich 1; *Hickman v. City of Detroit*, 326 Mich 547; and *State Treasurer v. Kaiser-Frazer Corp.*, 326 Mich 715. That contention the commisson rejected, saying that in none of those cases was the *Brink Case* expressly overruled. It is to be noted, however, that in the *Hickman Case* we specifically mentioned the *Brink Case* and, in considering the effect thereon of our decision in the *Daniel Case*, said, concerning the latter, that:

"The majority opinion in effect rejected the claim that any significance could properly be attached to the fact that the accident and injury occurred on the employer's premises."

The plain import of our discussion in the *Hickman Case* and of the holding in the *Daniel Case* is that, to the extent that liability for compensation in the *Brink Case* was predicated upon the mere fact that the accident and injury occurred on the employer's premises, the holding in that case is, in that respect and to that extent, overruled, and we so hold.

The instant case is distinguishable, however, from the above-mentioned cases on the facts. When injured, plaintiff's duties to her employer were not ended for the day. She was not solely on a mission of her own, *viz.*, leaving work and going home. She

was acting still within the ambit of her employment. Upon finishing her work on the assembly line she was required to punch the clock within the plant, and thereupon to leave the plant promptly and to follow a customary and permitted route to the gate at which point she was required by her employer to submit to inspection. She slipped and fell while walking from one point on defendant's premises where she had a duty to perform to another point on those same premises where she had another duty to perform. Proceeding from the one point to the other was necessary to and a part of the performance of her full and final duty to her employer for the day. There was clearly a causal connection between the accident and injury and her employment. It follows that plaintiff's injury arose out of and in the course of her employment.

Award affirmed, with costs to plaintiff.

REID, C. J., and BOYLES, NORTH, CARR, BUSHNELL, and SHARPE, JJ., concurred. BUTZEL, J., did not sit.