CAMPBELL *v.* SECRETARY OF STATE.

1. WORKMEN'S COMPENSATION—PROXIMATE CAUSE—LOCATION OF AC-
CIDENT.

An injury to an employee, to be compensable under the work-
men's compensation act, regardless of whether on or off the
premises of the employer, must have occurred within the
ambit of his employment, and must have arisen out of and
in the course of the employment (CL 1948, § 412.1).

2. SAME—FILING CLERK—PROXIMATE CAUSE—EN ROUTE TO WORK.

Filing clerk who was injured when she slipped on wet waxed
floor of elevator at basement level of building occupied by
State, her employer, while en route to fourth floor to work,
did not sustain an injury arising out of or in the course
of her employment (CL 1948, § 412.1).

3. COSTS—WORKMEN'S COMPENSATION—PUBLIC QUESTION.

No costs are allowed in filing clerk's proceeding to recover
workmen's compensation from secretary of State for injuries
sustained in elevator en route to work, a question of public
importance being involved.

Appeal from Workmen's Compensation Commis-
sion. Submitted October 9, 1952. (Docket No. 35,
Calendar No. 45,354.) Decided December 9, 1952.

Lola Campbell presented her claim for compensa-
tion against the Secretary of State, employer, and
State Accident Fund, insurer, for injuries sustained

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation §§ 217, 221.
[1, 2] Injuries while entering or leaving place of employment as
arising out of or in course of employment.   49 ALR 424; 82
ALR 1043.
[3] 14 Am Jur, Costs § 91.

when she slipped on elevator floor in the Capitol building. Award to plaintiff. Defendants appeal. Reversed and remanded for entry of award for defendants.

*Harry F. Briggs* (*Stanley Dodge*, of counsel), for defendants.

REID, J. This is an appeal in the nature of certiorari from an award made by the workmen's compensation commission.

Plaintiff was a filing clerk in a division of the office of the secretary of State, defendant, located on the fourth floor of the Capitol building, in Lansing, Michigan. On January 13, 1950, while on her way to work, plaintiff slipped and fell on the wet waxed floor of the elevator in the north corridor of the Capitol building, while at the basement level. Plaintiff suffered personal injuries as a result of the accident, and was voluntarily paid weekly compensation from January 14, 1950 to July 7, 1950. Defendant employer paid her medical and hospital bills excepting a doctor's bill. She returned to work for defendant employer on August 14, 1950.

Plaintiff filed an application with the commission on August 3, 1950. The award by the deputy commissioner, filed on November 10, 1950, awarded plaintiff compensation with credit to defendants for voluntary payments. On appeal to the commission, the commission made its award on September 20, 1951, affirming the award of the deputy. On leave obtained, defendants appealed to this Court.

Plaintiff at the time of her injury had not as yet, on the occasion in question, entered upon the discharge of her daily work, but was upon the premises of the State of which defendant secretary of State is an officer.

The workmen's compensation commission in mak-

ing its award cites and relies upon *Babl* v. *Pere Marquette R. Co.*, 272 Mich 184, decided June 3, 1935, in which we affirmed an award for the plaintiff in that case, an employee of defendant which had offices on some upper floors of the Union Depot in Detroit, in which offices was the place of work of Babl, plaintiff in that case. Plaintiff Babl slipped and fell on the wet floor of the downstairs lobby. We say at page 186:

"Defendant's lease was useless without a right-of-way from the elevator to the street. Such right-of-way of necessity attached to the lease and would affect the rights and liabilities of defendant's employees in using it, as against the depot company. Veda was hurt on premises of which defendant had right of use for ingress and egress of its employees. The commission was justified in holding the place of injury part of the employer's premises because provided by it for the purpose of reaching the elevator."

Of an import differing from the *Babl Case* is the majority opinion in *Daniel* v. *Murray Corp. of America*, 326 Mich 1, decided October 10, 1949, in which we say, at page 14, after a review of several cases:

"The fundamental test in this State is that the injury, to be compensable, must have arisen out of and in the course of the employment—there must be some causal connection between the injury and the employment more than the mere fact that the employee was on premises of the employer which had been furnished by the employer for the use and benefit of the employee as an 'incident' of the employment. That is not enough."

Of import like the *Daniel Case* (as to mere place where injury occurred) is *Hickman* v. *City of Detroit*, 326 Mich 547, decided January 9, 1950, in which we say (per syllabus 1):

"An injury of an employee, to be compensable under the workmen's compensation act, regardless of whether on or off the premises of the employer, must have occurred within the ambit of his employment, and must have arisen out of and in the course of the employment."

See, also, *State Treasurer* v. *Kaiser-Frazer Corporation*, 326 Mich 715 (decided January 9, 1950). See, also, *Pilgrim* v. *Menthen*, 327 Mich 714; also, *Lewis* v. *Workmen's Compensation Commission*, *ante*, 191, and cases there cited.

The injuries of Campbell, plaintiff in the instant case, did not arise out of nor in the course of her employment.

The award appealed from is reversed and the case remanded to the workmen's compensation commission for entry of an award denying compensation. No costs, a question of public importance being involved.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, BUSH-NELL, SHARPE, and BOYLES, JJ., concurred.