FREIBORG *v.* CHRYSLER CORPORATION.

WORKMEN'S COMPENSATION—INJURY ON PARKING LOT—PROXIMATE CAUSE.

> Injury to plaintiff employee on parking lot provided by employer for the employees, inflicted upon plaintiff by a fellow employee while plaintiff was en route from his car to place where work was to be performed a short while before working hours, *held,* to have arisen out of and in the course of his employment and compensable (CL 1948, § 412.1, as amended by PA 1954, No 175).

SHARPE, KELLY, and CARR, JJ., dissenting.

Appeal from Workmen's Compensation Appeal Board. Submitted April 4, 1957. (Docket No. 36, Calendar No. 47,010.) Decided October 7, 1957.

Victor Freiborg presented his claim against the Chrysler Corporation for compensation when injured by automobile of fellow workman on company parking lot. Award to plaintiff. Defendant appeals. Affirmed.

*Rothe, Marston, Mazey, Sachs & O'Connell (B. M. Freid,* of counsel), for plaintiff.

*Lacey, Jones & Doelle (Norman J. Le Vasseur,* of counsel), for defendant.

DETHMERS, C. J. Plaintiff was employed to work in one of defendant's plants. Defendant owned a

REFERENCES FOR POINTS IN HEADNOTES
58 Am Jur, Workmen's Compensation § 217.

parking lot located about 200 yards from the entrance by which plaintiff gained admission to the plant. As indicated by a posted sign and established by evidence, defendant maintained the lot exclusively for automobile parking by its employees while working in that plant. Because it was necessary to arrive early in order to find a parking place on the lot, plaintiff parked his automobile there 45 minutes before his working hours for the day began. After parking and while walking on the lot en route to the plant, he was struck by the automobile of a fellow employee. The date was June 22, 1955. This appeal is from an award to plaintiff of medical benefits and compensation for resultant injuries and disability. Defendant contends that plaintiff's injuries and disability did not arise out of and in the course of his employment and are, therefore, not compensable.

The workmen's compensation act, part 2, § 1 (CL 1948, § 412.1 [Stat Ann 1944 Cum Supp § 17.151]), was amended by PA 1954, No 175, effective August 13, 1954, which added the following:

"Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment."

Defendant says that the amendment's presumption regarding "on the premises" injuries is not conclusive, fades in the face of evidence, and, in the instant case, disappeared upon introduction of proofs to the contrary. The presumption, so-called, is a creature of the statute. Our duty is to arrive at the legislative intent in its creation as expressed in the statute. In such pursuit no particular charm inheres in court-attached labels such as "conclusive," "absolute," "disputable" or "rebuttable" as a guide to legislative intent. Defendant does not point to

the specific proofs in the record which it claims effected the disappearance of the presumption. To follow what seems to be defendant's logic, upon any showing that plaintiff's work was to be performed at a place on the premises which he either had not yet reached or had already left when he was injured, the presumption disintegrates. That that is defendant's theory appears from the fact that there are no other proofs in the record upon which it could possibly rely as having supplanted the presumption. Such theory would leave the presumption with no field for operation except in a case where there are no proofs whatsoever available in that regard. And yet those are precisely the proofs which the amendment makes prerequisite to invoking the presumption, namely, proofs that he was "going to or from his work while on the premises." It would be ironical, indeed, if it were to be held that the legislature intended that the only proofs which by statute can give rise to the presumption should at one and the same time eliminate or refute it.

I cannot subscribe to the notion that the legislature intended no change by the amendment. There is a strong presumption to the contrary. *Lawrence Baking Co.* v. *Unemployment Compensation Commission,* 308 Mich 198 (154 ALR 660); *Bonifas-Gorman Lumber Co.* v. *Unemployment Compensation Commission,* 313 Mich 363; *In re Loakes' Estate,* 320 Mich 674; *Packard Motor Car Company* v. *Unemployment Compensation Commission,* 320 Mich 358. The amendment was not necessary for the purpose of creating a presumption that an injury arises in the course of employment in those situations in which an employee is injured while coming or going and his coming and going are a part of his duty or of the work he is paid to do, inasmuch as it was already so held, without benefit of a statutory presumption, in cases such as *Kunze* v. *Detroit Shade Tree Co.,* 192

Mich 435 (LRA1917A, 252); *Stockley* v. *School District No. 1 of Portage Township,* 231 Mich 523 (24 NCCA 170); *Favorite* v. *Kalamazoo State Hospital,* 238 Mich 566; *Wilhelm* v. *Angell, Wilhelm & Shreve,* 252 Mich 648; *Wearner* v. *Seventh Day Adventists,* 260 Mich 540; *Mann* v. *Board of Education of City of Detroit,* 266 Mich 271; and *Weaver* v. *General Motors Corporation,* 330 Mich 404. · The conclusion is inescapable that the legislative intent, in adopting the amendment, was to remedy the situation resulting from decision in *Daniel* v. *Murray Corporation of America,* 326 Mich 1, decided in 1949, in which it was held that proof that an employee suffered an injury on the premises, while going from his work but when he was no longer actually performing it, fails to establish an injury arising out of and in the course of his employment, by providing a rule of evidence for proof that, under such circumstances, the injury does so arise. The language of the amendment is specific to that effect, applying in express terms not to one while at the place where his work is to be performed or while actually performing it, but to one "going to or from his work while on the premises." According to defendant, such a person is not "in the course of his employment." The clear intendment of the amendment is that he is. To hold otherwise would be to render the amendment meaningless. It should be held, therefore, that the plaintiff in the instant case was injured while in the course of his employment.

Why, it may be asked, does the amendment speak merely in terms of a presumption if it is not to be considered rebutted by proof that plaintiff, when injured on the premises, had not yet reached or had already left the place thereon where his work is to be performed? If not thus rebuttable, does it follow that what the statute created was not a presumption at all but a substantive right, or, if a presumption,

that it is "conclusive"?   We think not, but that the
door was purposely left open to rebuttal of the pre-
sumption in those situations in which compensation
had theretofore been denied under decisions of this
Court, namely where plaintiff was injured while do-
ing an act serving the interests of himself or a third
party, but not of his employer, as in *Spooner* v. *De-
troit Saturday Night Co.,* 187 Mich 125 (LRA1916A,
17, 9 NCCA 647); *Sichterman* v. *Kent Storage Co.,*
217 Mich 364 (20 ALR 309); and *Conklin* v. *Indus-
trial Transport, Inc.,* 312 Mich 250, or while engaged
in an unprovoked assault upon another as in *Hor-
vath* v. *La Fond,* 305 Mich 69, or in sportive acts or
horseplay as in *Tarpper* v. *Weston-Mott Co.,* 200
Mich 275 (LRA1918E, 507); *Derhammer* v. *Detroit
News,* 229 Mich 658; and *Jones* v. *Campbell, Wyant
& Cannon Foundry Co.,* 284 Mich 358, or while acting
contrary to the orders or directions of his employer
as in *Lauscher* v. *Montgomery Ward & Company,
Inc.,* 327 Mich 358, in all of which cases the plaintiff's
action when injured was not an incident to his em-
ployment as it was here.   Also, the legislature was
undoubtedly cognizant of the fact that by taking care
to create only a rule of evidence—a presumption, as
a remedial device, and avoiding, as we think it did,
the creation of a substantive right—a new cause of
action, the amendment would be held to apply to all
subsequent proceedings, regardless of whether the
date of injury antedated or followed the effective
date of the amendment.   See *Ritter* v. *Seestedt,* 212
Mich 208, in which this Court upheld application of
a newly-enacted statutory presumption of fraud to
a pre-existing cause of action; see, also, *Rookledge*
v. *Garwood,* 340 Mich 444, in which this Court held
that the workmen's compensation act is remedial
legislation, that when an amendment thereto restored
a common-law remedy lost when the act was adopted
no vested right was destroyed, no new cause of action

was created and the amendment was applicable to a cause of action which antedated it.

I am not impressed by defendant's argument that while plaintiff was on the parking lot he was not, in the language of the statute, "on the premises where his work is to be performed." Whether or not the parking lot was immediately adjacent to or a part of the same property on which the plant stood seems to me of no moment. The lot was in the proximity of and used as an adjunct to the plant in which plaintiff worked and it was furnished by defendant to plaintiff and his fellow employees for parking their automobiles as an incident to their employment in the plant. For the purposes of the amendment, it should be considered as part of the premises where plaintiff's work is to be performed.

Finally, defendant stresses that the amendment provides only for a presumption that an employee is "in the course of his employment" but not that his injury arises "out of his employment." So, says defendant, even if it be conceded that plaintiff, when injured, was in the course of his employment, the award must fail because there is no proof that his injury arose out of his employment and the amendment supplies no presumption in that regard. Here again, as was true of defendant's contention that the "in the course of" presumption was evaporated by the evidence in the record, if it were to be held that, despite the presumption that an employee was in the course of employment when injured, his injuries do not arise out of his employment if they were sustained on the way to or from his work while on the premises unless he was performing a duty for his employer at the time, such holding would serve to render the amendment futile and pointless. Furthermore, it had long been held in Michigan that an employee's injury sustained on the premises while going to or from work may be one that arises out of his

employment, even though the employee is rendering no particular service to his employer at the time, in such cases as *Porritt* v. *Detroit United Railway,* 199 Mich 200; *Babl* v. *Pere Marquette R. Co.,* 272 Mich 184; *De Mann* v. *Hydraulic Engineering Co.,* 192 Mich 594; *Brink* v. *J. W. Wells Lumber Co.,* 229 Mich 35. And in *Haller* v. *City of Lansing,* 195 Mich 753, 759, 760 (LRA1917E, 324), this Court quoted with approval from 1 Honnold on Workmen's Compensation, pp 381–384, the following:

"Acts of ministration by a servant to himself, such as quenching his thirst, relieving his hunger, protecting himself from excessive cold, performance of which while at work are reasonably necessary to his health and comfort, are incidents to his employment and acts of service therein within the workmen's compensation acts, though they are only indirectly conducive to the purpose of the employment. Consequently no break in the employment is caused by the mere fact that the workman is ministering to his comforts or necessities, as by warming himself, or seeking shelter, or by leaving his work to relieve nature, or to procure a drink, refreshments, food, or fresh air, or to rest in the shade."

But defendant's reliance is on *Daniel* v. *Murray Corporation of America, supra,* as having, in effect, overruled those cases. The majority opinion in *Daniel* made no mention of those cases, either to distinguish or overrule them. Unfortunately, the minority opinion, which reached the same result as did those cases, also failed to mention or to place any reliance upon them, but, instead, planted decision upon a Massachusetts case clearly predicated on a statutory provision not in effect in Michigan, which defect in reasoning was clearly pointed out (p 7) in the majority opinion. As one who signed that majority opinion, I am constrained to say, however, that I now believe it to have been erroneous. As just

stated, it made no mention of the existence of the last above-cited cases which were controlling of the situation. It did cite, as appears on page 6 of the report, a group of 12 cases for the proposition that an employee's injuries sustained on the way to or from work do not arise out of and in the course of employment, if there is no causal connection between the employee's injuries and his work and if he is without any duty to perform at that time for his employer. Of the 12 cases, 9 involved employees injured on the way to or from work, but off the employer's premises, and the remaining 3 had nothing to do with injuries sustained while on the way to or from work. Accordingly, none of the 12 is authority for the proposition that an injury sustained while on the way to or from work but on the premises of employment does not arise out of or in the course of employment. The same may be said of those other cases discussed in the majority opinion in *Daniel* which had to do, in the main, with injuries sustained on the premises, not while the employee was going to or from his work but while engaged in actions outside the ambit of and in no way connected with or incident to his employment, in which it was held that the nexus of his employment had been broken by such factors as misconduct, unauthorized or forbidden action, or action for his own pleasure or in his own interests, all entirely disconnected from employment and not at all incident thereto as are, in contradistinction, the acts of ministration by a servant to himself mentioned in the above quotation from *Haller.* Going to or from work, while on the premises, is an incident of employment, as was, also, plaintiff's parking his automobile on defendant's lot. *Daniel* should be overruled.

Plaintiff's injury arose out of and in the course of his employment. The award should be affirmed, with costs to plaintiff.

SMITH, J. (*concurring*). For reasons given in the dissenting opinions of *Salmon* v. *Bagley Laundry Company,* 344 Mich 471, 475; and *Mack* v. *Reo Motors, Inc.,* 345 Mich 268, 270, and for supplementary reasons given in Mr. Justice BLACK's opinion (handed down this day) of *Dyer* v. *Sears, Roebuck & Company,* 350 Mich 92, I concur in affirmance of Victor Freiborg's award.

EDWARDS, VOELKER, and BLACK, JJ., concurred with SMITH, J.

CARR, J. (*dissenting*). This case is before us for decision on the bases of undisputed proofs and applicable provisions of the workmen's compensation law.* For some time prior to the injury for which he seeks compensation plaintiff was employed by defendant at its so-called Mack street plant in the city of Detroit. For the accommodation of employees desiring to use it defendant permitted parking on land that it owned, situated several hundred feet from the premises where plaintiff worked. Plaintiff testified on the hearing before the referee of the workmen's compensation commission that he customarily went from the lot to the plant by following railroad tracks for some distance and then crossing a public street, stating further that it was approximately a 5-minute walk.

On the 22d of June, 1955, plaintiff, who began his work at 6:30 a.m., entered the parking lot at approximately 5:45. After parking his car and leaving the vehicle he was struck by the automobile of another Chrysler employee and was injured. This proceeding was instituted under the statute for the purpose of obtaining compensation for such injury.

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948 and CLS 1956, § 411.1 *et seq.* [Stat Ann 1950 Rev and Stat Ann 1955 Cum Supp § 17.141 *et seq.*]).

After listening to the testimony the referee denied the claim on the ground that there was no evidence to support a finding that the accident and injury arose out of plaintiff's employment. The compensation appeal board reversed the referee and ordered compensation paid to plaintiff at the rate of $34 per week from June 22, 1955, to September 13th following, and, also, directed reimbursement for medical and hospital expenses. On leave granted, defendant has appealed to this Court from such award.

The basic question at issue is whether the undisputed facts fairly bring the case within the scope of the workmen's compensation act. More specifically, may it be said that the accident in which plaintiff was injured arose "out of and in the course of his employment"? So far as this record discloses, the parking lot in question was maintained by defendant solely as an accommodation for employees at the Mack plant who wished to use it. There was no obligation on their part that they should do so. Inferentially the privilege allowed might have been withdrawn at any time. When plaintiff parked his automobile on the lot on the occasion in question he was acting voluntarily and solely for his own benefit. Obviously he might have parked his car elsewhere or have traveled to his work by public conveyance or some other method of transportation. His employment did not include the use of his automobile or his parking it on defendant's lot. On the record before us there is no proper basis to support a conclusion that the injury for which compensation is sought arose out of or in the course of plaintiff's employment. In consequence, it is not within the purview of the statute as enacted by the legislature.

In writing for affirmance of the award Chief Justice DETHMERS discusses at some length the amendment to part 2, § 1, of the compensation law by PA 1954, No 175. I am not in accord with his apparent

conclusion that said amendment affects, or controls, the determination of the case at bar. The primary rule of statutory interpretation requires the ascertaining of the legislative intent. Where the language used is clear and unambiguous it speaks for itself, and that is precisely the situation with which we are confronted here. The section in question, as amended, reads as follows:

"An employee, who receives a personal injury arising out of and in the course of his employment by an employer who is at the time of such injury subject to the provisions of this act, shall be paid compensation in the manner and to the extent hereinafter provided, or in case of his death resulting from such injuries such compensation shall be paid to his dependents as hereinafter defined. The term 'time of injury' or 'date of injury' as used in this act shall in the case of a disease or in the case of an injury not attributable to a single event be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death.

"Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment." CLS 1956, § 412.1 (Stat Ann 1955 Cum Supp § 17.151).

On behalf of plaintiff emphasis is placed on the concluding sentence of the section which was added by the amendment. It will be noted that in no case does the presumption apply unless the employee is "on the premises where his work is to be performed." In this connection changes in the bill (1954 Senate Bill No 1150) during its consideration by the legislature are significant. As introduced the measure provided that "Every employee going to and from his employment while on the premises of his employer shall be deemed to be performing a service

arising out of and in the course of his employment." Evidently it was considered by the lawmakers that the reference to "premises of his employer" was too comprehensive and might lead to claims for compensation for injuries having no connection with the work of the employee. In consequence the language was changed so as to limit such premises to those where the employee worked. As applied to the facts in this case the language finally adopted in the amendment, as enacted, would have reference to the Mack street plant, and not to the parking lot. At the time of his injury plaintiff was not on the premises where his work was to be performed.

The act of plaintiff in parking his car on the lot, pursuant to the privilege granted him by defendant, was not an incident of his work in such sense as to bring it within the purview of the statute. A contrary view suggests the conclusion that plaintiff's transportation by whatever means he might select for that purpose would be likewise incidental to his employment and, hence, that any injury suffered by him in the course of such transportation, through the wrongful act of another, or otherwise, would be compensable under the statute. Such result is clearly beyond the legislative intent as manifested in the compensation act.

Other changes in the bill made in the legislature before final enactment are also significant on the question of intent. It will be noted that as originally introduced the presumption was expressed to apply not only to any premises of the employer but also to the requirement that the injury to be compensable must arise out of the employment as well as in the course thereof. This was changed by amendment in such manner as to refer to the course of employment only, and to limit the arising of the presumption to a reasonable time before and after working hours.

In considering the legislative intent in the enactment of the amendment it must be borne in mind that the basic requirements of the statute that an injury to be compensable must "arise out of" and also "in the course of" the employment were re-enacted without change. The provisions of the section quoted must be read together. It may not be assumed that the legislature intended to create a presumption that should control the right to compensation in any case in which the facts established by the proofs disclose that the injury did not arise out of and in the course of the employment. Such an attempt would scarcely be consistent with constitutional guaranties requiring due process of law. The conclusion necessarily follows that the presumption as expressed by the legislature in the amendment is rebuttable when the facts, as in the case at bar, are such as to render it inapplicable.

It is generally recognized that a presumption may not be weighed against evidence. This Court in numerous prior decisions has declared that such is the established rule in this State. In *Gillett* v. *Michigan United Traction Co.*, 205 Mich 410, 414, 415, it was said:

"It is now quite generally held by the courts that a rebuttable or prima facie presumption has no weight as evidence. It serves to establish a prima facie case, but if challenged by rebutting evidence, the presumption cannot be weighed against the evidence. Supporting evidence must be introduced, and it then becomes a question of weighing the actual evidence introduced, without giving any evidential force to the presumption itself. In 1 Elliott on Evidence, § 91, p 114, it is said:

" 'It (the presumption) may be directly rebutted by such evidence, or it may be shown thereby that it was never applicable to the particular facts, for it will be found that presumptions are usually very general in their nature, and lose their force and ap-

plication when the specific facts of the case are shown.' "

Among other decisions of like import are *Baker* v. *Delano,* 191 Mich 204; *Noonan* v. *Volek,* 246 Mich 377; *Hanna* v. *McClave,* 271 Mich 133; *Patt* v. *Dilley,* 273 Mich 601. In *Christiansen* v. *Hilber,* 282 Mich 403, the general rule recognized in Michigan was summarized as follows:

"Since presumptions of fact are liable to be contrary to the facts they are only introduced to supply the want of real facts and in many cases to determine which party shall take upon himself the burden of showing what are the facts but they never obtain against positive proof." (Syllabus 1.)

"A rebuttable presumption has no weight as evidence but merely serves to establish a prima facie case so that, if challenged by rebutting evidence, supporting evidence must be introduced and it then becomes a question of weighing the actual evidence introduced." (Syllabus 3.)

The right to compensation in any case of this kind necessarily depends on the facts and on the law. Here the facts, as before noted, are not in dispute. It is the duty of the Court to construe the statute as the legislature has enacted it. Clearly it was not, and is not, intended as a substitute for general accident or health insurance. It must be presumed that the legislature has indicated its intent in the language of the enactment. If its scope is to be extended such result may properly be accomplished by legislative action only. Our duty is to interpret and apply the law as we find it.

The decision of the referee in denying compensation to plaintiff was, under the proofs before him, correct, and should have been affirmed by the appeal board. Plaintiff's accident and injury did not arise out of his employment or in the course thereof. The case should be remanded to the appeal board of the

workmen's compensation commission with directions to set aside the award entered.

SHARPE and KELLY, JJ., concurred with CARR, J.